JIM DANIELS v. THE STATE.

No. 495. Decided March 30, 1910.

**1.—Assault to Murder—Evidence—General Reputation of Prosecutrix.**

Upon trial for assault with intent to murder, where the evidence was conflicting as to whether the defendant or the party injured began the difficulty, and the defense testimony was that the defendant acted in self-defense against the violent assault by the prosecutrix with a knife, which she was in the habit of carrying, the court should have admitted testimony as to the general reputation of prosecutrix as a ferocious, dangerous and high-tempered woman.

**2.—Same—Charge of Court—Practice on Appeal.**

Where it appeared that no objection was urged in the motion for new trial to the charge of the court, the same could not be considered on appeal.

**3.—Same—Continuance—Practice on Appeal.**

Where a case was reversed on other grounds than the overruling of the motion for continuance, the latter need not be considered on appeal.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Looney & Clark,* for appellant.—On question of court's refusal to

admit testimony as to character of prosecutrix: Moore v. State, 15 Texas Crim. App., 1; Poer v. State, 67 S. W. Rep., 500; Lewallen v. State, 6 Texas Crim. App., 475.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant was convicted of assault with intent to murder, and his punishment assessed at three years confinement in the penitentiary.

1. It is made to appear from a bill of exceptions that upon the trial appellant offered to prove by the witness Joe Humphreys that he was acquainted with the general character of the prosecuting witness, Jane Daniels, and that she was a ferocious, dangerous and high-tempered woman, and that she bore that reputation in the town of Greenville, Hunt County; that he had been a peace officer in the county for seven or eight years and knew her, and was acquainted with her character for peace and quietude but that it was not good. This testimony was objected to by the State upon the ground that it was immaterial and irrelevant, and it was rejected by the court. It may be stated that as a general rule evidence as to the character of the person injured is not admissible, but there is a well settled exception to this general rule. In all cases of homicide and assaults the general character of the deceased or injured party may be proved by the defendant to show that he, the defendant, was justified in believing himself in danger of losing his life or of sustaining serious bodily injury from the deceased or injured party. The court, in its qualification to the bill, says that at the time this testimony was offered there was no evidence that the witness, Jane Daniels, had ever made any threats of any character against the defendant. It seemed that the trial court was under the impression that the general character of the injured party could never become the subject of inquiry unless in a case where threats had been made against the life of the party. Jane Daniels, the injured party, took the stand and testified that on the night of the assault she and the defendant, who was her husband, had been to a neighbor's house, and that they had drank some beer there, and started on home, and that they were walking arm in arm, and the defendant was talking affectionately to her, and all of a sudden, without a word or anything, drew his knife and cut her, making two long gashes, one reaching around her throat from ear to ear. This wound was a dangerous one. Appellant testified that his wife had been down to this house drinking beer, and that he had seen her in company with one Sullivan, and that their conduct looked suspicious to him, and as he started on home he began to question his wife about her conduct with Sullivan, when his wife flew in a rage, and said she would kill him, and reached in a big pocket that she had in her dress as if to draw a knife, when he cut her, and that he did so to prevent her from killing him, or cutting him; that he knew she always carried

a knife in this pocket, and had carried knuckles. The injured party testified on the trial that she had had one or two fights with other parties, and stated that she had carried knuckles at one time, and had a large knife which she carried in that pocket, but that she did not have either on that night, and had not had them for several months. Now, in this state of the record, we think that this testimony was admissible to throw light upon the transaction, and to show who probably might have commenced the difficulty. This view is strengthened by the testimony of the prosecutrix herself, for it seems hardly reasonable that the defendant would commence a violent and deadly assault upon her without something transpiring preceding the making of this assault, and for that reason we think this testimony would have thrown light upon the issues in the case. Character is a part of the person himself, and is as much a part of him as his size, his weight, his age and strength. It sometimes becomes the only supporting testimony that a defendant has in the trial of a case. It may be that this testimony would have had no weight with the jury, and it may be that it ought not to have any weight with the jury, but that is not a question for this court to decide. The question is whether this testimony was admissible, whether it was material, and whether the rejection of the testimony was prejudicial. Believing that it was, we hold that the court was in error in excluding same. Moore v. State, 15 Texas Crim. App., 1; Horbach v. State, 43 Texas, 242.

2. Counsel in their brief urge an objection to the charge of the court in that the court submitted the case to the jury on the question of assault to murder, and on aggravated assault growing out of an injury inflicted produced by passion aroused by an adequate cause, and did not submit the issue of aggravated assault if intent was not to kill. No such objection is urged in the motion for new trial, and, therefore, same can not be considered.

3. We also find a bill of exceptions in the record to the action of the court in refusing to grant a continuance for the want of material testimony, but as the case will be reversed on the point above indicated, it becomes unnecessary to decide this matter.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*