LATTIMORE, Judge.
 

 Appellant was convicted in the district court of Limestone County of manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary.
 

 The evidence amply supports the proposition that appellant and others were engaged in the manufacture of intoxicating liquor. The State introduced four or five witnesses who testified to facts establishing this proposition. Appellant introduced no testimony. The record does not establish that the circumstances were such as that there were no witnesses by whom he could have proven a defense.
 

 There are five bills of exception. The first complains of argument of the district attorney wherein he said: “"We have heard no testimony in defense of him, it has all been for the State.” No ground of the exception is stated in the bill but we presume that it was upon the hypothesis that it referred to the failure of the defendant to testify. The bill might be disposed of upon the proposition that there is no showing in it of the fact that appellant did not testify. The rules uniformly require that a bill manifest by its own terms the error complained of. We do not believe the matter set out transgresses the rule against referring to the failure of the defendant to testify. There is nothing in the record which shows that there were no witnesses other than himself by whom he could have proven a defense. A number of parties were at and around the still where it is charged he made the intoxicating liquor. He introduced none of them as witnesses in his behalf.
 

 When the case was called for trial appellant moved for a postponement for two days, setting up that he was not legally arrested in this cause until the day on which the ease was set for trial and upon the ground that he would be deprived of the two days granted him by statute after arrest. From the qualifications of the bill it is made to : ppear that appellant was arrested and an examining trial was had nearly a month before the date of the instant trial; that he gave bond after said examining trial binding him to appear before the district court to await the action of the grand jury in the matter. It is also stated that pending investigation by the grand jury appellant left the country and went to see - his father, and that he requested his attorney to arrange with the sheriff, in the event the grand jury returned an indictment against him, not to rearrest him
 
 *570
 
 but to have bond or bonds prepared and delivered to his said attorney. It is stated in said qualification that his attorney made said request of the sheriff and that when the grand jury indicted appellant the sheriff prepared bonds and delivered them to appellant’s attorney who sent them to him, and it is further shown that notwithstanding the fact he had received said bonds, they were not brought by him to the sheriff until the morning of the day this case was set for trial. The court states no new arrest was ever made and none was deemed necessary. In our opinion this statement entirely meets the objections presented in said bill of exceptions. If in fact there was no arrest made of appellant on the day of the trial, and if he appeared in obedience to the bond given by him several weeks before, which bond was for the same matter, we are unable to percievc the application of Art. 578 C. C. P., or how appellant could invoke it to secure an additional two days before going to trial. Said article in terms grants to one charged with crime two entire days “after his arrest” to file written pleadings. As said by Judge White in Johnson v. State, 4 Texas Crim. App. 271:
 

 “Where a defendant seeks to take advantage of mere formal or purely technical objections, he also will be held to a strict and technical showing as to the correctness of his objections.”
 

 It is also insisted that the court erred in allowing the State to introduce testimony direct in its nature and after both parties had rested. No particular witness or testimony is referred to in this bill of exceptions. It seems to be the rule under our statute that testimony may be introduced at any time before the conclusion of the argument, and this being true, we perceive no validity in the objection thus made.
 

 There is another bill of exceptions similar to the first one considered, complaining of the statement made by the district attorney, to the effect that thejr had heard no testimony in defense of appellant, that all they had heard was against him. We do not regard the matter as of serious import.
 

 There is another objection to the argument upon the proposition that the State’s attorney read that part of the charge instructing the jury not to consider against the accused his failure to testify, and made comment on it. The bill reveals the fact that appellant’s counsel first read the charge and commented on that particular part of it and reminded the jury that according to the court’s charge they could not take his failure to testify into consideration, or as a circumstance in the case. In his rejoiner the State’s attorney merely said that he 'joined counsel for the defendant in such request. We do not think this a violation of the statutory inhibition.
 

 The remaining exception was taken to the court’s action in refusing a special charge, in effect, that the mere presence of the defendant at the still at the time and place alleged would not make
 
 *571
 
 him guilty unless in addition the jury found that he aided by acts or encouraged by words other persons engaged in the commission of the offense. It is not incumbent on the court to give a charge which has no support in testimony. The facts in the record abundantly support the proposition, not only of appellant’s presence but of bis participation with the others in the unlawful manufacture of the liquor.
 

 Finding no error in the record, the judment will be affirmed.
 

 Affirmed.