R. C. BALL v. THE STATE.

No. 12544. Delivered May 29, 1929.
Rehearing denied June 26, 1929.

The opinion states the case.

*Otis Rogers* of Ft. Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for ten years.

Appellant and deceased, Earl Adams, with others had gone to the city of West where appellant had purchased a gallon of whiskey which he and deceased brought back to Hillsboro in an automobile. After reaching Hillsboro the parties went to the room of deceased. Appellant accused deceased of stealing his money from him. According to the state's testimony, deceased cursed appellant and appellant shot and killed him. Appellant admitted that he killed deceased. He testified that deceased was preparing to attack him at the time and that he believed that his life was in danger. He said that deceased reached for his pocket to get a knife and that he tried to shoot deceased in the shoulder in order to stop him. The testimony of the state showed that deceased made no demonstration toward appellant.

It is disclosed by bill of exception Number 4 that appellant elicited from state's witness Clapper that deceased and appellant had a con-

versation on the trip from West to Hillsboro in which deceased declared that he had killed a man, had served a term in the Federal penitentiary and that he, deceased, was a bad and dangerous man. On re-direct examination the state asked the witness the following question: "What if anything did the defendant say about what his business was when this conversation was taking place down there on the way back from West?" Appellant objected to the question as "being improper, irrelevant and prejudicial and as having no bearing whatever on the trial of this case." It is not apparent from the bill of exception that the question called for an answer that would have been obviously inadmissible for any purpose. Mr. Branch, in his Annotated Penal Code of Texas, Section 208, states the rule as follows:

"An objection to evidence admitted that it was immaterial and irrelevant and prejudicial to the defendant is too general to be considered, unless obviously the evidence would not be admissible for any purpose."

The objection was overruled and the witness answered that he thought appellant said that he was in the whiskey business. No motion was made to withdraw the answer of the witness from the consideration of the jury. It is appellant's contention that the state was permitted to prove an extraneous offense and that such proof was not authorized under any of the exceptions to the general rule prohibiting proof of extraneous offenses. If the bill of exception was sufficient to present the question we would be inclined to hold that if the court erroneously admitted the testimony complained of— and we do not concede that there was error in admitting it, as it is not clear that the provisions of Article 728 C. C. P. are not applicable—the fact that appellant's own testimony and that of other witnesses showed that appellant was transporting liquor in violation of the law would render harmless the reception of the testimony in question.

As shown by bill of exception Number 7 appellant asked the witness Andy Sullivan the following question: "Were you acquainted with the reputation of Earl Adams, the deceased, as a peaceable, law-abiding citizen?" The state objected to the question on the ground that it was not a proper legal question and on the further ground that the matter sought to be elicited was irrelevant and immaterial. We do not understand that the general reputation of deceased for being a law-abiding citizen was in issue. The bill fails to make clear the purpose of appellant in offering the testimony in question. It is

the rule that where self-defense is an issue the appellant may prove the general character for violence of his adversary for the purpose of showing who probably began the difficulty. Such proof is admissible whether threats are involved or not. Branch's Annotated Penal Code, Section 2095; Daniels v. State, 126 S. W. 1153. Again where the defendant accused of murder seeks to justify himself on the ground of threats against his own life he may be permitted to introduce evidence of such threats, and where proof of threats of the character mentioned have been made it is competent to introduce evidence of the general character of the deceased. The inquiry, however, may not extend further than the question as to whether the deceased was a man of violent or dangerous character or a man of quiet or inoffensive disposition, or whether he was such a person as might reasonably be expected to execute a threat made. Article 1258 P. C.; Denson v. State, 298 S. W. 605. The fact that the general reputation of deceased for being law-abiding might be good or bad would not seem to involve a characteristic that would aid in determining whether a defendant was justified in assaulting his adversary. A man might be a bootlegger or a thief and yet not be of a violent or dangerous character. It follows that the fact that deceased's general reputation for being a law-abiding citizen was bad was irrelevant and immaterial.

We are convinced from a careful examination of the record that reversible error is not manifested.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—Appellant renews complaint of the admission of Clapper's testimony "I think he said he was in the whisky business," while speaking of what appellant said of himself. In the original opinion it is intimated that in view of the fact that the undisputed testimony showed that appellant and two others unlawfully transported whisky on the day of the homicide, the harm of Clapper's statement, if any, would be negligible. Appellant insists in his motion that the proof of transportation not showing that as much as a quart was so transported,—there was no showing of an illegal conveyance of the liquor. It is only in possession cases that

Art. 671 P. C., making possession of more than a quart prima facie evidence of guilt,—has application. The transportation of any quantity of intoxicating liquor, except for some of the purposes excepted by the Constitution, is illegal. Gandy v. State, 99 Texas Crim. Rep. 143. However, it will be observed from appellant's testimony that he swore "We did buy one gallon of whisky. I paid for that whisky myself. * * * The whisky did come back in the car." In another place, speaking of what occurred after the party got back to Hillsboro with the whisky, appellant said: "He never said that it might be wise for me with that gallon of whiskey to go to his room." The asking of a witness what his business is, or a statement made by him as to what his business is is not a question ordinarily calling for a harmful answer. The antecedents and business of any witness is never deemed immaterial. We have no doubt of the correctness of the holding in the original opinion that any objection to a question asked, that it is immaterial, irrelevant and prejudicial, is so general and indefinite that the overruling of same will not be held erroneous. Hodge v. State, 108 Texas Crim. Rep. 210; Young v. State, 91 Texas Crim. Rep. 511; Hunter v. State, 59 Texas Crim. Rep. 439; Simms v. State, 67 Texas Crim. Rep. 98; Hickey v. State, 62 Texas Crim. Rep. 568. We do not think any error appears in our disposition of the complaint made in appellant's bill of exceptions No. 7.

The motion for rehearing will be overruled.

*Overruled.*