JAKE ROSS v. THE STATE.

No. 13413. Delivered May 28, 1930.
Rehearing denied June 25, 1930.
Reported in 29 S. W. (2d) 381.

The opinion states the case.

*D. T. Moore,* of Hillsboro, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for four years.

Appellant shot and killed Walter Lewis. The testimony of the state was sufficient to justify the finding of the jury that appellant was guilty of murder. Appellant testified to facts raising the issue of self-defense. This issue was submitted to the jury.

It appears that one of appellant's witnesses testified that deceased threatened appellant. Appellant asked the witness if he was acquainted with the general reputation of deceased in the community in which he resided as being a peaceable and law-abiding citizen. Upon objection by the state, the witness was not permitted to answer. It is observed that the bill of exception fails to show what the answer of the witness would have been. A bill of exception taken to the refusal of the court to permit a witness to answer a question should show what the answer of the witness would have

been. Branch's Annotated Penal Code, Section 212. The general reputation of deceased for being a law-abiding citizen was not in issue. It is the rule that, where self-defense is an issue, the accused may prove the general character for violence of his adversary for the purpose of showing who probably began the difficulty. Such proof is admissible whether threats are involved or not. Branch's Annotated Penal Code, Section 2095; Daniels v. State, 58 Tex. Cr. R. 569, 126 S. W. 1153. Where the accused seeks to justify himself on the ground of threats against his own life, he may be permitted to introduce evidence of such threats, and, where proof of threats of the character mentioned have been made, it is competent to introduce evidence of the general character of the deceased. The inquiry, however, may not extend further than the question as to whether the deceased was a man of violent or dangerous character or a man of quiet and inoffensive disposition, or whether he was such a person as might reasonably be expected to execute a threat made. Art. 1258, P. C.; Denson v. State, 107 Tex. Cr. R. 649, 298 S. W. 605; Ball v. State, 18 S. W. (2d) 641. The fact that the general reputation of deceased for being law-abiding might be good or bad would not seem to involve a characteristic that would aid in determining whether the accused was justified in assaulting his adversary.

Upon cross-examination by the county attorney appellant was asked if he had ever been in the penitentiary. He answered in the affirmative. Upon redirect examination by appellant's counsel he testified that he had served a term in the penitentiary in 1903. Appellant requested the court to withdraw the matter from the jury. The request was granted, and the court instructed the jury in writing not to consider such testimony for any purpose. It is observed that appellant did not object to the question of the county attorney on the ground that no definite time had been fixed. Moreover, it does not appear from the bill of exception that the county attorney knew that the charge inquired about was too remote. If appellant had objected on the ground mentioned when the question was asked it would have been the duty of the court to require the county attorney to fix some definite time. Stull v. State, 84 S. W. 1059. In the state of the record, the opinion is expressed that reversible error is not manifested. Johnson v. State, 20 S. W. (2d) 1065, Opinion on Motion for Rehearing.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion appellant suggests that the manner of cross-examination of appellant regarding a former conviction occurred under circumstances not reflected by the bill of exceptions. This court must of necessity be controlled by the bill which brings such complaint forward for review.

The motion for rehearing is overruled.

*Overruled.*