Hugh McClellan v. The State.

No. 14364.   Delivered May 20, 1931.
Rehearing Denied June 24, 1931.

474

The opinion states the case.

*J. D. Willis,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The conviction is for murder; punishment, twenty years in the penitentiary.

The state's testimony shows that the appellant killed his paramour with whom he had lived in adultery off and on for some time. Appellant admitted the killing, but placed in evidence the issue of self-defense.

There are no exceptions or objections to the court's charge nor are there any special requested charges.

Bill of exception No. 1 complains of the action of the court in sustaining the state's objection to a question by appellant to the witness Joe Rutland as to whether or not he had ever had occasion to arrest the deceased, as to whether he knew her general reputation as being a peaceable, law-abiding citizen, and as to her general reputation in the community for chastity and virtue. It is observed that the bill of exception fails to show what the answer of the witness would have been.

We take the following from the case of Ross v. State, 115 Texas Crim. Rep., 152, 29 S. W. (2d) 382: "A bill of exception taken to the refusal of the court to permit a witness to answer a question should show what the answer of the witness would have been. Branch's Annotated Penal Code, sec. 212. The general reputation of deceased for being a law-abiding citizen was not in issue. It is the rule that, where self-defense is an issue, the accused may prove the general character for violence of his adversary for the purpose of showing who probably began the difficulty. Such proof is admissible whether threats are involved or not. Branch's Annotated Penal Code, sec. 2095; Daniels v. State, 58 Texas Crim. Rep., 569, 126 S. W., 1153. Where the accused seeks to justify

himself on the ground of threats against his own life, he may be permitted to introduce evidence of such threats, and, where proof of threats of the character mentioned have been made it is competent to introduce evidence of the general character of the deceased. The inquiry, however, may not extend further than the question as to whether the deceased was a man of violent or dangerous character or a man of quiet and inoffensive disposition, or whether he was such a person as might reasonably be expected to execute a threat made. Article 1258, P. C.; Denson v. State, 107 Texas Crim. Rep., 649, 298 S. W., 604, 605; Ball v. State (Tex. Crim. App.), 18 S. W. (2d) 641."

The fact that the general reputation of deceased for being law-abiding or her general reputation in the community for chastity and virtue might be good or bad, and whether or not she had ever been arrested would not seem to involve characteristics that would aid in determining whether the accused was justified in assaulting her.

Bill of exception No. 2 complains of the introduction by the prosecuting attorney of a fountain pen device identified by appellant as having been in his possession and of. the asking by said attorney as to whether the device would shoot like any other pistol. The objection was that same was immaterial, irrelevant and prejudicial because the evidence showed deceased was killed by a forty-five Colt pistol and the introduction of said device could have no bearing on the case.

A bill of exception complaining of the admission of evidence must set out such facts or so much of the evidence as will verify the truth of the objections interposed. Enough of the surrounding facts and circumstances must be stated to enable the appellate court to determine the merits of the bill and the correctness of the ruling involved and to show that the evidence was inadmissible and the ruling was erroneous and hurtful to the cause of the appellant. See 4 Tex. Jur., sec. 216, for collation of authorities.

Bill No. 3 complains of the state's counsel asking appellant whether or not he had embezzled some money from a Mr. Caldwell because same had been investigated by a grand jury and no indictment returned, and because the question was prejudicial and misleading. The court qualified the bill in substance to the effect that the appellant testified on direct examination that while working for Mr. Caldwell he sold a load of produce for which he did not turn in the money, for which offense he stayed in jail seven or eight days when he got out on bond, but for which he was never indicted. The court further qualified the bill to the effect that the state's counsel was then permitted to examine the witness upon matters about which he had testified on his direct examination. No exception was taken to said qualification and as thus qualified, it was clearly within the province of the state's attorney to cross-examine appellant on the matters already brought out by his own counsel.

Bill of exception No. 4 complains of the action of the court in sustaining the state's objection to testimony offered by appellant to the effect that the husband of deceased was employed and able to take care of deceased, because such matter was material on the theory of mitigation and extenuation, and because it showed that deceased was a married woman when part of the testimony introduced had showed that the reason for the homicide was because deceased had informed appellant she was going to quit and go to a "sweetie". This bill is subject to the same criticism as bill of exception No. 2.

Bill of exception No. 5 complains of the action of the court in sustaining the state's objection to the introduction of a picture of the deceased taken in an abbreviated bathing suit, for the reason that appellant wanted to show the jury what she looked like. We fail to see wherein this evidence would be admissible upon any issue in the case.

Bill of exception No. 6 complains of the action of the court in sustaining the state's objection to the testimony of appellant's witness, Mitchell Shakespeare, former husband of deceased, to the effect that deceased was a violent and high-tempered person. The trial court qualified the bill to the effect that the witness on further examination testified that he did not know her reputation in respect to the above inquiry, and as so qualified, the bill shows no error.

Bill of exception No. 7 complains of the action of the court in sustaining the state's objection to the questioning of appellant's witness, W. B. Mobley, a constable of McLennan county, as to deceased's general reputation for virtue and chastity, for the reason that the same was material and was admissible in mitigation and extenuation of the offense. The question involved in this bill of exception has been disposed of in the discussion of bill No. 1.

Bill of exception No. 8 complains of the action of the court in overruling appellant's objection to the introduction by the state, after both sides had rested and after the court had prepared his charge and same had been submitted to counsel, of new witnesses. The bill further shows that the said witnesses in behalf of the state were introduced before the argument of the cause began. Said action by the court was permissible under article 643, C. C. P., which provides that the court shall allow testimony to be introduced at any time before the argument of the cause is concluded, if it appear that it is necessary to a due administration of justice. There is nothing in this bill to show that the admission of said evidence was not necessary to the due administration of justice and it is within the judicial discretion of the court whether testimony shall be permitted before or during the argument. Whether the testimony proposed to be introduced is in rebuttal or not is immaterial if it appear to be necessary to a due administration of justice. Branch's P. C., sec. 378; Timbrook v. State, 18 Texas App., 6; Reynolds v. State, 71 Texas

Crim. Rep., 454, 160 S. W., 362; Raleigh v. State, 74 Texas Crim. Rep., 484, 168 S. W., 1050.

Bill of exception No. 9 complains of the following: On the third day of deliberation, the court received a question in writing from the jury as follows: "Can malice aforethought occur immediately before an act done. N. R. Legg as Foreman." The court responded in writing, "Yes". The bill further shows that appellant's counsel had gone to the court after the jury had been out two days and advised the court that it was necessary for him to go to New Orleans and requested the court to see if anything was wanted by the jury before he left, and complains further that the giving of said additional charge was prejudicial. to the appellant and if given, should have been amplified and discussed and to the giving of which and the action thereon, the appellant raised objection in his motion for new trial. Article 677, C. C. P., provides: "The jury, after having retired, may ask further instruction of the judge as to any matter of law. For this purpose the jury shall appear before the judge in open court in a body, and through their foreman shall state to the court, verbally or in writing, the particular point of law upon which they desire further instruction; and the court shall give such instruction in writing, but no instruction shall be given except upon the particular point on which it is asked."

In the absence of a showing to the contrary it must be presumed by this court that there was a full compliance with said article 677, C. C. P. Said bill of exception does not show that the appellant or his counsel was not present at the time of the proceedings, nor does it show that the appellant or his counsel was precluded or prevented from excepting to the action of the trial court. Nor does the bill show any of the exceptions whereby the appellant would not be charged with having waived or having accepted the action of the trial court in the matter. All these matters are missing in this bill of exception and so far as the matter appears from the bill, it fails to reflect any error. This court must of necessity be controlled by the bill which brings such complaint forward for review.

By bill of exception No. 10 appellant raises the issue that the evidence in this cause was insufficient to sustain the verdict found by the jury, to-wit, a verdict of murder with malice aforethought.

All of the eye-witnesses to the killing testified substantially to the same facts; that is, that the killing took place in the Waco Tourist Camp; that there were two beds in the room in which they were at the time; that the deceased and appellant were sitting on one bed and just before the shooting they heard the appellant ask the deceased if she was coming back to him, to which she replied that she would not live with him unless he got a job; that the deceased after said remark got up and went to the other bed in the room; that the appellant then said, "That

is all I want to hear you say"; that he then got up and leisurely walked across the floor and went to the bed and got his gun and shot the deceased. They all testified that deceased was unarmed, not making any demonstration towards the appellant and had made no threats. One of the witnesses testified further that three weeks before the day of the killing the appellant told witness that he would kill the deceased unless she went back to him and said further that it was a pretty time for her to quit him; that he had given her the money that he sold the produce for and had bought her two dresses and gave her a hundred dollars, and said he was going to kill her if she didn't live with him, and that he was broke and didn't have a dime.

We think the facts justified the jury in concluding that malice aforethought appeared from the evidence.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Renewed complaint appears of our disposition of the matters contained in appellant's bill of exception No. 2, which sets forth that the state was allowed to introduced in evidence and to ask appellant regarding a device having the appearance of a fountain pen, same being a tear gas gun, which was identified by appellant as having been in his possession for some time. The state asked him if it would shoot like any other pistol. It is stated in the bill of exception that both the introduction and the question were objected to as immaterial, irrelevant and prejudicial. If the witness made any answer to the question asked, it is not set out in the bill of exception. We are not apprised by the bill of the state's purpose in introducing said device in evidence, nor is there anything set out in the bill opposing the idea that this may have been one of the most material bits of evidence in the state's case. Further than to set out the ground of appellant's objection, said bill of exception contains nothing to show what a tear gas gun is, or how it was or was not material evidence to go before the jury. Simply to object to proffered testimony as being immaterial, irrelevant and prejudicial, brings nothing before this court for review, and unless the evidence be patently and necessarily inadmissible,—which is not the case here,—this court would not be called on to reverse a case upon such a complaint.

In our original opinion we quoted the statute authorizing the jury to ask, and the trial court to give, additional instructions after the retirement of the jury, as to any matter of law. Bill of exception No. 9 sets

out that the jury asked and the court gave, both in writing, additional instructions. The jury asked in writing if malice aforethought might be formed immediately before the doing of an act. The court in writing informed them that it could. The question was proper and the answer both direct and correct. Malice aforethought may be formed in the mind just before the doing of an act. Sherar v. State, 30 Texas Crim. Rep., 349; Garza v. State, 11 Texas App., 345; Duebbe v. State, 1 Texas App., 159; McCoy v. State, 25 Texas App., 33; Campbell v. State, 15 Texas App., 506; Lewis v. State, 15 Texas App., 647. Being of this opinion, it becomes unnecessary for us to discuss the legal sufficiency of appellant's complaint of the asking and giving of the above instruction. It appears that appellant's attorney had voluntarily absented himself, being called on business to a distant city. Obviously the trial court could not be compelled to delay the trial in order to submit this answer to counsel. Had his attorney been present it would appear to have made no difference. We can not conceive how the court could have elaborated upon the simple direct answer to the jury's question, nor could any elaboration have made same more manifest, or made an answer more responsive.

The motion for rehearing will be overruled.

*Overruled.*