FANNIE MAE FRANKLIN V. THE STATE.

No. 21522. Delivered April 9, 1941.

480

The opinion states the case.

*M. J. Howze*, of Monahans, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder without malice; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Six Sanders by cutting him and stabbing him with a knife.

Although appellant and deceased were not married, they had been living together for a number of months. According to the version of appellant, deceased had frequently threatened to kill her and had on occasions whipped her. The homicide occurred between two and three o'clock in the morning in a part of the town of Midland occupied by negroes. According to the theory of the State, given support in the testimony, appellant, while intoxicated, stabbed and cut the deceased to death with a knife. It was the version of witnesses for the State that, after stating to deceased that she was going to kill him, appellant committed the assault that resulted in his death. Witnesses for the State also testified that after mortally wounding deceased appellant sought to revive him by pouring water in his face. Appellant's testimony raised the issue of self-defense.

Appellant filed an application for a suspended sentence. While testifying, she promised the jury that if they would recommend a suspension of the sentence she would thereafter lead a Christian life.

As shown in bill of exception No. 1, in her motion for new

trial appellant alleged that she had discovered new and material testimony since her conviction. The affidavit of the newly discovered witness, appended to the motion, set forth the testimony he would give in the event of another trial. The order overruling the motion for new trial embraces a recital as follows: "The court, having heard the said motion and the evidence thereon submitted, is of the opinion that the said motion of the said defendant, Fannie Mae Franklin to set aside the verdict and judgment rendered herein and grant her a new trial should be in all things overruled and refused." The evidence heard upon the motion is not brought forward. Under the circumstances, this court must presume that the court's action in overruling the motion was correct. Stated in another way, we must presume that the trial court acted upon evidence that was sufficient to justify his action. Murphy v. State, 72 S. W. (2d) 253.

Bill of exception No. 2 discloses that the district attorney asked Ada Garrett, a witness, whether she was separated from her husband. She answered in the affirmative. Thereafter the district attorney asked her: "You divorce your husbands, you don't kill them, do you?" Appellant objected to all of the questioning of the witness, and made a motion that the court declare a mistrial, which was overruled. The court instructed the jury to disregard the remarks of the district attorney. If Ada Garrett was a witness for appellant and it was appellant's position that she could not be questioned concerning the fact that she was divorced from her husband, it is observed that it is nowhere shown in the bill of exception that she gave material testimony in behalf of the appellant. However, the bill fails to show whether the witness was introduced by the State or by appellant. It is the rule that a bill of exception relating to the improper impeachment of a witness, to be sufficient, must show that the witness gave material testimony in behalf of the accused. Ewing v. State, 49 S. W. (2d) 450. If appellant's objection went to the last question propounded by the district attorney, we find nothing in the bill indicating that the asking of such question could have prejudiced appellant. That appellant killed the deceased was undisputed. The question carried no implication apprising the jury of any fact not shown in the testimony. At all events, we are of opinion that the prompt action of the court in instructing the jury to disregard such question saved appellant from harm.

Bill of exception No. 4 relates to the refusal of the court to permit a witness for the State to answer a question pro-

pounded by counsel for appellant. The bill is deficient in failing to show the answer the witness would have given. Ross v. State, 29 S. W. (2d) 381.

Bills of exception Nos. 5 and 6 are in the same attitude as bill of exception No. 4.

Bill of exception No. 3 is in question and answer form without any certificate by the trial judge showing the necessity of such form. Under the circumstances, the bill is insufficient. Garza v. State, 88 S. W. (2d) 113.

We deem bill of exception No. 7 to be without merit.

A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.