# JANUARY 19, 1944

MAXIE LEE BAILEY v. THE STATE.

No. 22720. Delivered January 19, 1944.

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the State penitentiary for a term of twelve years.

Appellant was charged with the offense of burglary alleged to have been committed on or about the 12th day of May, 1943; and in addition thereto, it was charged in the indictment that theretofore, on the 31st day of March, 1941, he had been legally convicted in the Criminal District Court of Tarrant County, Texas, in Cause No. 43343, of a felony of like character, to-wit, burglary.

Appellant brings forward three complaints, each of which he claims presents reversible error. The first complaint relates to the court's action in permitting M. Gabert, while testifying for the State, to refer to a memorandum which he had made, showing the amount and kind of whisky, together with the serial number as well as the name of Gabert thereon, by which he identified the whisky that was taken from his store on the night in question. Appellant objected to the testimony on various grounds, among which was that it was hearsay and not the best evidence; that the serial numbers were copied from invoices. We see no merit in his contention, especially in view of appellant's testimony given on the trial to the effect that between 2:00 and 3:00 A. M., of May 13th, Emmett Scott and Ralph Reed came to his home and asked him to go with them to Arlington Heights; that he got up and went with them in Reed's automobile to the rear of Gabert's package store, where they let him out in an alley near a rest room while Reed and Scott drove a short distance and then turned in behind a hedge; that later they came back with a lot of whisky in the car, picked him up and the three took it to Wichita Falls, where they disposed of it at the home of Horace Holmes. It appears to us that appellant's testimony showed with reasonable certainty that the whisky which they carried to Wichita Falls was the same whisky taken from the burglarized premises of M. Gabert on the night in question. No doubt appellant knew the purpose of going to Gabert's package store and the object in leaving him in the alley near the rest room. He places himself in such close proximity to the burglarized premises at the time of the commission of the offense that there is no doubt of his purpose in being present and keeping watch.

His next complaint relates to the court's instruction to the jury, to which he addressed a number of objections. This bill is qualified by the court, who states in his qualification thereof that after appellant had presented his objections he re-drafted his charge to meet the objections, and thereafter, the only objection made by appellant was that the charge failed to instruct the jury to the effect that in case they should find that the statement made by appellant to the District Attorney was not voluntarily made, they should disregard the same; and in that event the case would be one of circumstantial evidence. Therefore, the law with reference thereto should be charged. We are not in accord with his contention. Even though the jury should have concluded from the evidence that the confession was not voluntarily made and had disregarded the same, it would not leave the State's case dependent wholly on circumstantial evidence because the State proved by direct and positive evidence

the following: (a) That the package store of M. Gabert was broken into on the night of May 12th and twenty-five and one-half cases of certain types of whisky taken therefrom; that this whisky was subsequently found in the possession of Holmes in Wichita Falls and recovered; (b) that Reed, Scott and the appellant delivered it to Holmes at Wichita Falls. From the foregoing statement of the evidence, it is obvious that the State's case did not depend entirely upon circumstantial evidence because the intent of the appellant in going to the burglarized premises and remaining in the alley while his companions entered the building and took therefrom the whisky in question was to be inferred from the facts proven. This would not make it a case of circumstantial evidence. See Egbert v. State, 176 S. W. 560; 24 Tex. Jur. p. 590, sec. 102. However, in the event the jury disregarded the confession, a charge on circumstantial evidence would not be required because such a charge would necessarily single out certain evidence and be an instruction on the weight thereof. In the case of Wilkins v. State, 115 S. W. (2d) 907, this court, speaking through Judge Hawkins, on motion for rehearing, said:

"Although it was made an issue as to whether appellant's confession was voluntary and such issue was submitted to the jury, it was not necessary to charge on circumstantial evidence."

In support of the views there expressed, he refers to the case of Wilson v. State, 103 Tex. Cr. R. 403. See also Martinez v. State, 140 Tex. Cr. R. 159; Williams v. State, 58 Tex. Cr. R. 82; Crews v. State, 34 Tex. Cr. R. 533 (543) ; Bass v St.ate, 59 Tex. Cr. R. 186 (191) ; Reese v. State, 157 S. W. (2d) 913, and cases cited.

Appellant's third complaint relates to the court's action in reopening the case after the State and defendant had rested and after the court had submitted his charge to him for examination and in permitting the State to call the officers who appellant claimed had whipped him and allowing them to testify that they did not whip him or in any manner mistreat him while in their custody. Article 643, C. C. P., provides as follows:

"The court shall allow testimony to be introduced at any time before the argument. of a cause is concluded, if it appear that it is necessary to a due administration of justice."

The matter here complained of rested within the sound discretion of the court under the article quoted above. See Tarver v. State, 108 Tex. Cr. R. 655, 2 S. W. (2d) 439; McClellan v.

554

State, 118 Tex. Cr. R. 473, 40 S. W. (2d) 87; Kimbrough v. State, 99 Tex. Cr. R. 535, 270 S. W. 862.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.