IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. PD-0834-05




 


MICHAEL BRIAN WORD, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


TAYLOR COUNTY





 Hervey, J., delivered the opinion of the Court in which Keller, PJ.,
Meyers, Keasler, Holcomb and Cochran, JJ., joined. Price, J., concurred. Johnson,
J., filed a concurring and dissenting opinion. Womack, J., not participating. 


O P I N I O N 



 A jury convicted appellant of a Class A misdemeanor assault offense and made an affirmative
finding of family violence. (1) The jury sentenced appellant to the maximum sentence of one year in
jail and a $4,000 fine (2) with no recommendation to probate or suspend the jail time or the fine. The
trial court's judgment incorporated the jury's affirmative family-violence finding by stating that
appellant was convicted of "Class A Assault Family Violence."

 The information alleged that Beatrice Brown was "a family member and a household
member" of appellant's when appellant caused bodily injury to Brown by striking her in the face
with his hand. The State presented evidence that appellant and Brown were "dating and had been
staying together" when appellant came home drunk and struck Brown in the face with his hand. The
jury charge instructed the jury to convict if it found beyond a reasonable doubt that appellant caused
bodily injury to Brown by striking her in the face with his hand.

 The verdict form, attached as Appendix A, reflects that the jury found appellant "guilty as
charged." This verdict form also contains Family Code definitions of family violence and dating
violence, (3) and it reflects that the jury found by a preponderance of the evidence that Brown was
"subjected to family violence by" appellant. The verdict form originally asked the jury to decide
whether Brown was "a member of the household of" appellant. This phrase was crossed out and the
hand-written phrase, "subjected to family violence by," was substituted. Appellant made no
objection in the trial court to the jury's verdict.

 The clerk's record also contains two questions, attached as Appendix B, that the jury sent to
the trial court during its punishment-phase deliberations. These questions ask:

 1. If we sentence [appellant] to a certain amount of time-what is the actual time of
the sentence will he serve?


 2. If [appellant] cannot pay his fine, will his fine be paid with jail time served
consecutively or concurrent[ly][?]


 The clerk's record contains the trial court's answers, attached as Appendix C. These answers
are:

 The time served varies and the decisions are made by the Sheriff's office rather than
by the Court. It can be actual time or the sentence divided by three or anything
between those extremes.


 [Appellant] has the choice of whether to pay the fine or sit it out. If he sits it out, it
is consecutively served.


 The record is otherwise silent on the procedures that were followed when the trial court
responded to the jury questions. The reporter's record contains no reference to the trial court
responding to the jury questions. Nothing in the record reflects that appellant objected to the trial
court's answers to the jury questions. The record is also silent on when appellant became aware of
these communications between the trial court and the jury.

 Appellant claimed for the first time on direct appeal that the trial court violated Article 36.27,
Tex. Code Crim. Proc., "when the jury sent out a note for further instruction." Article 36.27
provides:

 When the jury wishes to communicate with the court, it shall so notify the sheriff,
who shall inform the court thereof. Any communication relative to the cause must
be written, prepared by the foreman and shall be submitted to the court through the
bailiff. The court shall answer any such communication in writing, and before giving
such answer to the jury shall use reasonable diligence to secure the presence of the
defendant and his counsel, and shall first submit the question and also submit his
answer to the same to the defendant or his counsel or objections and exceptions, in
the same manner as any other written instructions are submitted to such counsel,
before the court gives such answer to the jury, but if he is unable to secure the
presence of the defendant and his counsel, then he shall proceed to answer the same
as he deems proper. The written instruction or answer to the communication shall
be read in open court unless expressly waived by the defendant.

 

 All such proceedings in felony cases, shall be a part of the record and recorded by the
court reporter.


 Appellant claimed that the trial court failed to notify him of the jury questions as required
by Article 36.27 and that he, therefore, had no opportunity to object to the trial court's answers to
them. Appellant asserted that all of this should have been presumed on a silent record. (4) Appellant
also claimed that the trial court's answers to the jury questions were improper jury instructions which
egregiously harmed him because they "went directly to the heart of the issue for which he was on
trial" and because the jury ultimately "sentenced [him] to the maximum fine and sentence, despite
the fact that he was eligible for probation and had no prior felony convictions." Appellant claimed
in another point of error that the trial court erred in incorporating into its judgment the jury's family
violence finding "when the jury's answer to the question propounded by the Court on the verdict
form did not support that finding."

 Relying on this Court's decisions in Green v. State (5) and Smith v. State, (6) the Court of Appeals
presumed on the silent record that the trial court complied with the requirement of Article 36.27 that
the trial court notify appellant of the jury questions. Based on this presumption, the Court of
Appeals decided that appellant procedurally defaulted any claim that the trial court's answers to the
jury questions were improper since nothing in the record showed that appellant objected to them. 
See Word v. State, slip op. at 7 (Tex.App. No. 11-03-00403-CR-Eastland, delivered April 28, 2005). (7) 
The Court of Appeals did not address whether the trial court's answers to the jury questions were
jury instructions that egregiously harmed appellant. The Court of Appeals also decided that the
hand-written phrase in the verdict form, "subjected to family violence by," did not "negate the jury's
answer to the question that appellant was a member of [Brown's] household." See Word, slip op.
at 4-5. (8)

 We exercised our discretionary authority to review these decisions. The grounds upon which
we granted review state:

 The Court of Criminal Appeals decision in [Green], which created a presumption that
a trial court's response to a jury note was in open court and in a defendant's presence,
as mandated by [Article 36.27], despite no evidence on the record in support of that
presumption, is an unconstitutional violation of a criminal defendant's right to a fair
trial and due process rights as guaranteed by the United States and Texas
Constitutions. The Court of Appeals decision herein, which relied on [Green], in
derogation of the mandates of Article 36.27, denied Mr. Word his fair trial and due
process rights and should be reversed and rendered.


 Mr. Word's equal protection and due process rights were denied by the trial court and
appellate courts' affirming a judgment for the offense of Class A Assault Family
Violence, when the jury's answer to the question propounded by the Court on the
verdict form did not support that finding.

 

ARTICLE 36.27

 Appellant claims that this Court in Green erred to presume on a silent record compliance
with the requirement of Article 36.27 that a trial court notify a defendant of jury questions. He
argues:

 In Green v. State, the Court of Criminal Appeals was faced with the argument that
an appellant had no opportunity to object to the trial court's response to a jury note
because "trial counsel may not have known of the note and response at all, as far as
the record shows." The Court of Criminal Appeals held, that it does not decide cases
based on speculation about matters not shown in the record; and, in the absence of
a showing to the contrary in the record, "we presume the trial court's response was
in open court and in Appellant's presence." Id. at 192. Mr. Word respectfully argues
that the Court of Criminal Appeals, in Green v. State, did exactly what it purportedly
condemned, i.e.., decided the case based on speculation about matters not shown in
the record. The statute requires the record to show all actions taken by the trial court
regarding jury notes. There were jury notes in Mr. Green's case. The record is silent
as to the trial court's actions regarding the notes. Had the trial court followed the
mandates of the statute, there would have been a record reflecting either the fact that
the court used reasonable diligence to secure the presence of the defendant and his
counsel in order to allow for objection or comment to its proposed answers to the
jury questions and was unable to do so; that the defense was given the opportunity
to object to the proposed answers to the jury, but expressly waived that right; or, that
the defense actually had some objection to the proposed answers. Because the record
was silent, the only logical conclusion, based on the mandates of the statute and the
facts in the Green case, is that the trial court in Green, supra, proceeded to answer
the jury's questions without following the mandates of Article 36.27. Any other
conclusion involves the very speculation the Court of Criminal Appeals denounced
in its opinion in Green.

 

(Bold in original).

 The requirement of Article 36.27 that a trial court notify a defendant, if possible, of a jury's
questions and of the trial court's proposed answers to them is meant to provide the defendant with
an opportunity to be heard and "urge objections, if any, to such [answers]." See Edwards v. State,
558 S.W.2d 452, 454 (Tex.Cr.App. 1977). (9) We understand the federal constitutional due-process
claim presented in appellant's first ground for review to be that "waiver" of Article 36.27
requirements may not be presumed on a silent record. In other words, we understand appellant to
claim that "waiver" of Article 36.27 requirements (including "waiver" of a defendant's opportunity
to object to a trial court's answers to jury questions) must affirmatively appear in the record and
cannot be presumed on a silent record.

 Appellant cites no authority to support this claim. Our research indicates that the Supreme
Court has never decided that federal constitutional due process principles prohibit an appellate court
from presuming on a silent record a trial court's compliance with Article 36.27 requirements
(including a defendant's waiver or forfeiture of any objections to a trial court's response to jury
questions). (10) Appellant's federal constitutional due-process claim must, therefore, fail even if Green
erroneously created a state-law presumption of compliance with Article 36.27 requirements on a
silent record.

 With respect to any state-law claims presented in appellant's first ground for review, we note
that, in stating that it would not speculate about matters not shown in the record, Green relied on 
former Tex. R. App. Proc. 50(d), (11) which expressly placed the burden on an appellant to present a
record showing error requiring reversal. See Green, 912 S.W.2d at 192. This Court in Green then
stated that, "[i]n the absence of a showing to the contrary in the record, we presume the trial court's
response was in open court and in appellant's presence" as required by Article 36.27. See Green,
912 S.W.2d at 192.

 Appellant essentially claims that, when the record is silent, this Court should abandon
Green's presumption of a trial court's compliance with Article 36.27 requirements and adopt the
opposite presumption of a trial court's noncompliance with Article 36.27 requirements. We decline
to do so. Green is consistent with rules of procedural default and rules of appellate procedure that
usually apply in cases like this. It is usually the appealing party's burden to present a record showing
properly preserved, reversible error. Even with the repeal of former Rule 50(d), this is entirely
consistent with our decision in Rowell, which did not presume error from a silent record. See
Rowell, 66 S.W.3d at 280-81. Consistent with former Rule 50(d), the partial record presented by the
defendant in Rowell showed properly preserved, reversible error. See Rowell, 66 S.W.3d at 280-81. 
Nothing in Article 36.27 (including its second paragraph) expressly indicates a legislative intent that
appellate courts should disregard usual rules of procedural default and rules of appellate procedure
and presume that a defendant had no opportunity to object to a trial court's answers to jury questions
when the record is silent.

 In this case, the record appellant presented to the Court of Appeals did not show that the trial
court failed to notify appellant of the jury questions or that appellant objected to the trial court's
answers to the jury questions. The record presented to the Court of Appeals, therefore, required a
decision that appellant procedurally defaulted any claimed violation of Article 36.27 and any
objection to the trial court's answers to the jury questions.

 With regard to the second paragraph of Article 36.27, which, as a matter of state law, requires
that all Article 36.27 proceedings in felony cases "be a part of the record and recorded by the court
reporter," appellant has not preserved error with a timely objection. (12) We further note that the
second paragraph of Article 36.27 applies only to felony cases and this is a misdemeanor case. (13) We,
therefore, reject appellant's first ground for review. 

THE FAMILY-VIOLENCE FINDING

 Appellant's federal constitutional due process claims under this ground are not very clear and
are somewhat multifarious. For example, appellant's brief states that the "court should not have
entered the family violence judgment because the affirmative answer of the jury did not adequately
track the statutory requirements of that finding." Appellant also appears to claim that the jury's
affirmative family-violence finding does not meet any of the Family Code definitions of family or
dating violence. Appellant also appears to claim that the evidence is insufficient to support a finding
of any of these Family Code definitions. (14) Appellant also appears to claim that the jury's affirmative
family-violence finding is inconsistent with what was charged in the information.

 These claims raise the larger issue of whether the jury's family-violence finding by a
preponderance of the evidence is proper. (15) The question of whether the jury's affirmative finding
would sustain an increased penalty in a future prosecution of this appellant remains unanswered. 
The effect of the jury's response herein is not ripe for consideration, and we, therefore dismiss this
ground as improvidently granted. 


 The judgment of the Court of Appeals is affirmed.


 Hervey, J.


Delivered: June 14, 2006.

Publish
1. See Tex. Pen. Code, § 22.01(a)(1); Tex. Pen. Code, § 22.01(b); Tex. Fam. Code, §
71.004(1).
2. See Tex. Pen. Code, § 12.21.
3. Section 71.004(1) defines family violence to mean:


 [A]n act by a member of a family or household against another member of the family
or household that is intended to result in physical harm, bodily injury, assault, or
sexual assault or that is a threat that reasonably places the member in fear of
imminent physical harm, bodily injury, assault, or sexual assault, but does not include
defensive measures to protect oneself . . . .


 Section 71.0021(a), Tex. Fam. Code, defines dating violence to mean:


 "Dating violence" means an act by an individual that is against another individual
with whom that person has or has had a dating relationship and that is intended to
result in physical harm, bodily injury, assault, or sexual assault or that is a threat that
reasonably places the individual in fear of imminent physical harm, bodily injury,
assault, or sexual assault, but does not include defensive measures to protect oneself.
4. Appellant claimed in his brief on direct appeal:


 Because the record is silent regarding the procedure by which the court handled the
notes from the jury, Mr. Word must assume that the defense was not allowed to
object or submit a proposed answer to the question, because the trial court deprived
the defense of that right by not notifying Mr. Word or his counsel of the notes in the
first place . . . .
5. 912 S.W.2d 189, 192 (Tex.Cr.App. 1995).
6. 513 S.W.2d 823, 829 (Tex.Cr.App. 1974).
7. The Court of Appeals' opinion states:


 The giving of additional instructions to a jury by the trial court without compliance
with the statute requiring such communication to be in open court and in the presence
of the defendant constitutes reversible error. (Citations omitted). However, the
defendant must bring the error to the trial court's attention by objection or formal bill
of exception. (Citation omitted). In the absence of a showing to the contrary in the
record, we presume that the trial court's response was in open court and in
appellant's presence. (Citing to Green and Smith). The record does not show that
appellant objected to the trial court's responses or perfected a bill of exception
concerning the trial court's response in violation of Article 36.27. Therefore,
appellant has not shown reversible error. (Citation omitted).


See Word, slip op. at 7. 
8. The Court of Appeals' opinion states:


 Appellant also argues that the jury did not find appellant to be a member of
[Brown's] household because the wording on the jury's affirmative answer was
changed. As previously noted, the words "member of the household" were marked
through and the words "subjected to family violence" were inserted. The question
asked of the jury was whether or not the jury found the victim to be a member of
appellant's household. The altered answer still instructs the jury to find "yes" or
"no" in relation to that question. The corrected language "subjected to family
violence" does not negate the jury's answer to the question that appellant was a
member of [Brown's] household. We find that evidence to be both legally and
factually sufficient to show that appellant was a member of the victim's household.


See Word, slip op. at 4-5. 
9. Appellant cites no authority to support a claim that he had a federal constitutional due-process right to be heard before the trial court responded to the jury questions. Our non-exhaustive
research, however, indicates that he may have had such a right. See, e.g., United States v. Gagnon,
470 U.S. 522, 526-27 (1985); Illinois v. Allen, 397 U.S. 337, 338 (1970); Lewis v. United States, 146
U.S. 370, 371-79 (1892); Larson v. Tansy, 911 F.2d 392, 394-96 (10th Cir. 1990); United States v.
Brown, 571 F.2d 980, 984-87, 986 n.5 (6th Cir. 1978); United States v. Alper, 449 F.2d 1223, 1230-34 (3rd Cir. 1971).
10. See Gagnon, 470 U.S. at 527-28 (trial court not required to obtain defendant's express waiver
of right to be present at every trial conference of which a defendant was aware and had a right to
attend); Estelle v. Williams, 425 U.S. 501, 512 (1976) (most constitutional rights forfeited by a
failure to object); Saldano v. State, 70 S.W.3d 873, 888-89 (Tex.Cr.App. 2002); Marin v. State, 851
S.W.2d 275, 279 (Tex.Cr.App. 1993) (most constitutional rights forfeited by a failure to object with
no requirement of express waiver in the record); compare Carnley v. Cochran, 369 U.S. 506, 515-16
(1962) (waiver of right to counsel cannot be presumed on a silent record); also compare Estelle, 425
U.S. at 512 (once a defendant has the assistance of counsel the vast array of trial decisions, strategic
and tactical, which must be made before and during trial rests with the accused and his attorney);
Boykin v. Alabama, 395 U.S. 238, 243 (1969) (when guilty plea is entered, waiver of privilege
against compelled self-incrimination, of right to trial by jury, and right to confrontation cannot be
presumed on a silent record). 
11. Rule 50(d) was repealed in 1997. See Rowell v. State, 66 S.W.3d 279, 281 n. 5 (Tex.Cr.App.
2001).
12. We further note that this opinion is consistent with this Court's prior cases applying Article
36.27 and its statutory predecessors before and after 1965 when the Legislature added the second
paragraph of Article 36.27. See Historical Note and Special Commentary to Article 36.27 by Hon.
John F. Onion, Jr.; compare McClellan v. State, 40 S.W.2d 87, 89 (Tex.Cr.App. 1931) (compliance
with former Article 36.27 presumed in absence of contrary showing in the record) with Smith, 513
S.W.2d at 829 ("incumbent upon a defendant to bring the easily correctable error to the trial judge's
attention by objection or formal bill of exception or the acts of the trial court are presumed consistent
with" Article 36.27); Verrret v. State, 470 S.W.2d 883, 887 (Tex.Cr.App. 1971) (defendant's "eighth
ground of error complains of certain written answers that the Court made in reply to a written
question from the jury. Neither the question nor the answer is in the record. The answer was
presented to the appellant's counsel and he did not object to it. Nothing is presented for review.").
13. Our decision would not preclude appellant from raising a due-process (lack of opportunity
to be heard before the trial court communicated with the jury) claim in a post-conviction habeas
corpus proceeding during which appellant would have an opportunity to make a complete record to
establish this claim including when he may have learned of the trial court's communications with
the jury. See Article 11.09, Tex. Code Crim. Proc.; also see generally Young v. State, 137 S.W.3d
65 (Tex.Cr.App. 2004) (discussing preservation of error principles).
14. The evidence, as set out in the Court of Appeals' opinion, reflects:


 [A witness] testified that appellant lived with [Brown] but that she was "unaware"
if he lived there "full time." In [Brown's] statement which she read to the jury,
[Brown] stated that appellant came "home" drunk. [Brown] testified that appellant
was at her apartment "all the time" and that he "stays" with her. [Brown] further
testified that appellant spent five nights a week at her house and two nights a week
at his mother's house. [Brown] stated that appellant did not receive his mail at her
residence but that he helped her pay the bills. [Brown] said that she "somewhat"
considered appellant to be living with her.


Word, slip op. at 4.
15. See Article 42.013, Tex. Code Crim. Proc. (mandating affirmative finding if court
determines that offense involves family violence); Tex. Pen. Code, § 22.01 (b)(2), (mandating
enhanced sentence based on previous conviction of an offense under Family Code Sections
71.0021(b), 71.003, or 71.005); Hill v. State, 913 S.W.2d 581, 583 (Tex.Cr.App. 1996) (affirmative
deadly weapon finding must be proved beyond reasonable doubt).