HARRISON SMITH V. STATE.

No. 24865. October 18, 1950.

*James G. Denton,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of an assault with intent to murder without malice upon one Charles B. Sims and by the jury assessed a penalty of one year in the penitentiary.

It is claimed herein that the trial court committed fundamental error in its charge in paragraph 13 thereof, which reads as follows:

"But if from the evidence you believe beyond a reasonable doubt that the defendant, Harrison Smith, on or about the 11th day of December, 1949, in the county of Lubbock and state of Texas, with a deadly weapon, to wit, a rifle, and without malice, as that term has been hereinbefore defined to you, and not in his own proper self-defense, did assault Charles B. Sims, you will find the defendant guilty of assault with intent to murder without malice and so say by your verdict and assess his punishment at confinement in the penitentiary for a term of years not less than one nor more than three, as you may determine and state in your verdict."

It is evident therefrom that the trial court omitted to require the jury to find that appellant "did assault Charles B. Sims" with intent to kill said Sims.

"A charge is fundamentally erroneous if it authorizes a conviction for an assault with intent to murder without requiring the jury to find an intent to kill." Branch's Ann. Tex. P.C., p. 956, Sec. 1670, and many authorities there cited.

A further matter that gives us some concern is found in a bill filed as No. 1 in which it is shown, that after the testimony herein was heard and the jury charged, that they retired to consider of their verdict in the afternoon of the day of

trial; that after they had deliberated about four hours, they returned into court and notified the judge that they were unable to agree upon a verdict, evidently desiring to be discharged. Thereupon the trial judge made the following remarks to the jury:

"I am not ready to discharge you at this time. The facts are too clear in this case for there to be any hung jury in this case. It costs too much to try these cases over."

Whereupon the jury again retired and on the following morning returned with their verdict of one year.

The bill of exceptions signed by the judge shows that no exception was taken to these remarks at the time they were made, but that they were called to the court's attention in the motion for a new trial; and the court signed, approved and ordered filed the bill to that effect containing such remarks.

We think such a statement by the trial court violates the statute, Art. 707, C.C.P., and conveyed to the jury the court's opinion of the case. See Kelly v. State, 33 Tex. Cr. R. 31, 24 S.W. 295, which case was reversed because the trial court told the jury:

" 'It seems strange you would fail to agree, when there is so little conflict in the evidence. If it was a long, complicated case, with conflicting testimony, the court could readily see a cause for failure to agree,' etc."

For the errors complained of, this judgment is reversed and remanded.