**Mauricio S. ROMERO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42783.**

Court of Criminal Appeals of Texas.

May 27, 1970.

Rehearing Denied Sept. 4, 1970.

Second Rehearing Denied Oct. 21, 1970.

Garland G. Wier, Michael H. Casey, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles D. Butts, Bill White and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for murder. The death penalty was waived, and the punishment was assessed by the jury at life.

The sufficiency of the evidence is not challenged. The record reflects that appellant was having an extramarital affair with the deceased over a long period of time and that he killed her in one of the lounges or beer joints that they were operating as partners.

In the first ground of error, it is contended that the rule was violated when an assistant district attorney talked to some of

the witnesses for the State in a group before placing them on the stand.[1]

A short conference was held prior to the voir dire examination of the jury when some six witnesses were present. He discussed the facts known to each witness and arranged the order in which they would be called to testify. Defense counsel knew about the conference but did not call it to the attention of the court until after the jury was selected, the indictment read and the plea entered. He then moved for a mistrial which was overruled.

■ The conference with the six witnesses present should not have been held. A violation of "the rule" is not in itself reversible error or ground for mistrial. Hobson v. State, Tex.Cr.App., 438 S.W.2d 571. The record contains no objection to the testimony of any witness on the ground that the rule had been violated. No injury has been shown.

Appellant testified and his confession was introduced which shows that he had been going with the deceased for some time even though he was married and had a family and that he and the deceased drank, slept and operated their lounges together. His testimony further shows that he had employed a girl to work at one of their places, and the deceased became angry and caused the girl to leave, and the following day he went to Pancho's, one of their business places, and shot the deceased several times, walked outside the door, returned and again shot her, making a total of six times.

None of the witnesses contradicted appellant's testimony in any material way. Their testimony added little, if anything, to his judicial or extrajudicial confessions. The first ground of error is overruled.

Complaint is made in the second ground of error that reversible error was committed when the trial court permitted the jury to separate after the verdict of guilty was returned at the first stage of the trial but before the verdict at the penalty stage of the trial had been reached.

The jury had returned a verdict of guilty within eleven minutes after receiving the charge. The charge on punishment was read to the jury and the following occurred:

"THE COURT: All right. It's five minutes after five. What is the pleasure of the jurors? Want to go home and come back tomorrow?

(Jurors indicated in affirmative.)

"THE COURT: What do you usually do—require some written consent to separate?

"MR. BUTTS: (Assistant District Attorney) I think if it is agreeable with both parties * * *.

"THE COURT: Is it agreeable with the defense counsel, defendant and the State that at this stage of the proceedings the jury may separate for the night and come back tomorrow morning at nine o'clock to deliberate upon the question of punishment and probation?

"MR. BAILEY: (Appellant's counsel) Is that all right with you, that they separate tonight?

"DEFENDANT: Yes, sir.

"MR. BUTTS: It's agreeable with the State.

"THE COURT: All right. Ladies and gentlemen of the jury, nine o'clock in the morning, if you please.

1. Article 36.03, Vernon's Ann.C.C.P., "Witnesses placed under rule", is as follows: "At the request of either party, the witnesses on both sides may be sworn and placed in the custody of an officer and removed out of the courtroom to some place where they cannot hear the testimony as delivered by any other witness in the cause. This is termed placing witnesses under rule."

"MR. BUTTS: Could I approach the bench?

(Thereupon, conference off record.)

"THE COURT: At this stage of the proceedings, why, don't read any newspaper accounts of Court proceedings or if anything comes on television or radio, please turn it off and refrain from listening to it, and I will be with you tomorrow morning at nine o'clock."

Article 35.23, V.A.C.C.P., provides, in part, as follows:

" * * * When jurors have been sworn in a felony case, the court may, at its discretion, permit the jurors to separate until the court has given its charge to the jury, after which the jury shall be kept together * * * until a verdict has been rendered or the jury finally discharged, unless by permission of the court with the consent of each party. Any person who makes known to the jury which party did not consent to separation shall be punished for contempt of court. * * *"

Here there was consent by the appellant to the jury separation as provided for in the statute.

 Now appellant complains he could not afford to object because the jurors would have heard it, and they wanted to go home overnight. He points out that part of the statute making it contempt of court for any person who makes it known to the jury which party did not consent to the separation.

The record shows that Mr. Butts, the assistant district attorney, asked to approach the bench, and there a conference was had off the record. At this time appellant's counsel could have made an objection to the court outside the hearing of the jury. If such had been done, the court no doubt would not have allowed the jury to separate or informed them that appellant objected to their separation.[2]

 Most of appellant's argument in his brief concerns the oral admonitory instructions given the jury by the court not to read newspapers or listen to or watch radio or television accounts of the trial. He insists that the instructions should have been in writing. Such instructions are proper, and it is not necessary that they be in writing. Appellant did not object to the instructions or request others. Nothing is presented for review; the second ground of error is overruled.

There being no reversible error, the judgment is affirmed.

2. Care should be taken to see that consent to jury separation is obtained outside the presence of the jury.