**Carmen MENDOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45993.**

Court of Criminal Appeals of Texas.

March 28, 1973.

Randell C. Riley, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., and Michael R. Thomas, T. J. Haire and James J. Heinemann, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction of assault with intent to murder with malice.

Appellant contends the court's charge was fundamentally erroneous in that it authorizes a conviction for assault with intent to murder without requiring the jury to find an intent to kill.

The complained of portion of the court's charge reads:

"Now if you believe from the evidence beyond a reasonable doubt that on or about the 24th day of April, 1971, in Tarrant County, Texas the defendant Carmen Mendoza, with malice aforethought, as that term has been defined, did make an assault in and upon R. W. Bishop, you will find the defendant guilty of an assault with intent to murder with malice aforethought."

This Court was faced with a similar question in Smith v. State, 155 Tex.Cr.R. 190, 233 S.W.2d 138, where the complained of portion of the charge read:

"But if from the evidence you believe beyond a reasonable doubt that the defenant, Harrison Smith, on or about the 11th day of December, 1949, in the county of Lubbock and state of Texas, with a deadly weapon, to wit, a rifle, and without malice, as that term has been hereinbefore defined to you, and not in his own proper self-defense, did assault Charles B. Sims, you will find the defendant guilty of assault with intent to murder without malice . . . ."

In Smith v. State, supra, it was held:

"A charge is fundamentally erroneous if it authorizes a conviction for an assault with intent to murder without requiring the jury to find an intent to kill."

In the instant case, the court did not require the jury to find that appellant did make an assault in and upon R. W. Bishop *with intent to kill* said R. W. Bishop and, thus, authorized a conviction for an assault with intent to murder without requiring the jury to find an intent to kill. Such omission in the court's charge constitutes fundamental error. Smith v. State, supra; 4 Branch's Ann.P.C., Sec. 1846 (2d ed); Garza v. State, 162 Tex.Cr.R. 655, 288 S. W.2d 785; see Willson's Texas Criminal Forms, Sec. 3472; McClung's Jury Charges, p. 25.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.