**Juan RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46630.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Glen A. Barnard, Harlingen, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of burglary and sentenced to twelve years' imprisonment.

Appellant's first ground of error alleges that the jury " . . . failed to follow the court's instructions and definitions specifically regarding circumstantial evidence."

This statement is too general to apprise this Court of the specific error of which appellant complains. See Art. 40.09, § 9, Vernon's Ann.C.C.P. However, from the arguments accompanying appellant's first ground of error, it appears that his position is that the circumstantial evidence, on which the State's case was based, was insufficient to support a conviction.

The evidence reflects that the offense occurred on January 11, 1972. A wit-

ness for the State testified that he was in charge of the burglarized apartment, that he examined it at noon on January 11, finding nothing amiss, and that he returned at 6:30 p. m., to find that the burglary had occurred. Another State's witness testified that at about 1:30 p. m., on the eleventh, appellant and another man appeared at her establishment with a television which they wished to pawn. The television was identified as having been taken from the burglarized apartment.

 In Hall v. State, 490 S.W.2d 589 (Tex.Cr.App.1973), this Court quoted with approval the following excerpt from 4 Branch's Ann.P.C., § 2537:

"If the State proves the burglary as alleged was committed by someone and based on proof that defendant was found in possession of property recently stolen from the burglarized house the jury have found defendant guilty of the burglary, and that finding has been approved by the trial court whose duty it is to set aside the conviction if not satisfied that the defendant is guilty as charged, the judgment will be sustained on appeal unless clearly wrong if there are facts or circumstances in evidence which justify the jury in disbelieving the defendant's explanation of such possession if any be made."

Also, see the cases cited in Hall v. State, supra, and Rascon v. State, 496 S.W.2d 99 (Tex.Cr.App.1973). The evidence is sufficient to support the conviction.

Appellant's second ground of error urges that certain communications between the court and the jury during the latter's deliberations influenced the jury's verdict to appellant's injury.

 The record indicates that at one point during their deliberations the jury indicated to the court that it was deadlocked. The court then sent two notes to the jury, one asking that they continue their deliberations, and the other asking them whether, if a recess were granted, they felt they could reach a verdict on the following day.[1] The record indicates that both sides were read these notes and given an opportunity to object. No objection was offered by either party. By failing to object, appellant waived any error in the instructions.[2] See McClennon v. State, 492 S.W.2d 524 (Tex.Cr.App.1973); also see and compare Verret v. State, 470 S.W.2d 883 (Tex.Cr.App.1971).

The judgment is affirmed.

---

1. The notes read as fellows:
   "Ladies and Gentlemen of the Jury:
   Both the State and Defendant have spent a great deal of time and effort in the presentation of this case. As a jury, you are as capable as any jury in deciding the matters in issue. I would ask you to continue your deliberations and see if you cannot reach a unanimous verdict in order that it will not be necessary for another jury on another day to try this case.
   Please retain this note to be filed in the papers in this cause."

"Ladies and Gentlemen of the Jury:
You have been deliberating for an extended period of time and we recognize that you are making a very conscientious effort in this matter. If we recess now and allow you to return at 9:30 in the morning to resume your deliberations, do you feel that there is a probability that you could reach a verdict in this matter upon further deliberations?"

2. The trial court did not follow the procedure outlined in Art. 36.27, V.A.C.C.P., which procedure should be followed.