William Glenn EDWARDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 53168.

Court of Criminal Appeals of Texas.

Nov. 9, 1977.

State's Motion for Rehearing Denied
Dec. 14, 1977.

Melvyn Carson Bruder, Dallas, for appellant.

Henry N. Wade, Dist. Atty., Edgar A. Mason and Fred Davis, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for bookmaking. Punishment was assessed by the jury at five years, probated.

Appellant contends that the trial court erred by communicating orally with the jury after deliberations had begun, in violation of Art. 36.27, V.A.C.C.P.

During the punishment stage of the trial, the jury sent a note to the court stating, "We are hung." Appellant promptly moved for a mistrial, which motion was overruled. The record reflects that the following then transpired:

"MR. MERRILL [defense counsel]: Comes now the Defendant, William Glenn Edwards, and after having previously made a motion for mistrial, at 3:15, before the jury is brought back in, respectfully objects to any oral instructions to the jury under the laws of this state and denies him the opportunity to prepare and file written exceptions to any

instructions which may be given to the jury. The Defendant has not been given or told what any oral instructions might be. Defendant renews motion for mistrial.

"THE COURT: Anything further?

"MR. MERRILL: No, sir.

"THE COURT: Motion is overruled. Oral instructions will be given, taken down by the Reporter, a copy of such will be furnished to the attorney for the Defendant. Bring the jury in.

"(Whereupon, the jury was returned into open court and the following proceedings were held in the presence and hearing of the jury:)

"THE COURT: I have received a note from the foreman. Now, Mr. Foreman, there are some questions that I want to ask you and I want you to listen closely to the questions and answer the questions I ask and only those questions. I do not want you in your answers to say a designated number favors this, a designated number favors that. I'm not interested in that. I simply want to know what the break down is at this time. By break down, I mean whether there are a certain number, what the numbers are insofar as the difference is concerned. Now, do you understand exactly what I mean?

\*　　\*　　\*　　\*　　\*　　\*

"THE JURY FOREMAN: All right. I understand.

"THE COURT: All right. What is the break down numberwise, Mr. Foreman?

"THE JURY FOREMAN: 10 to 2.

"THE COURT: All right. Then, it's the opinion of the Court that with that break down, that we have not used sufficient time in deliberation to return a verdict. Now, this case has to be settled by some twelve jurors. I regard all of you as honest and intelligent jurors. I do not know of any twelve jurors who can do better than you can. I think you can settle it and you ought to settle it and I want it to be settled. I have no desire to attempt to coerce you into a verdict. This is a matter for each of you to determine for himself or herself, but it is to the interest of society that you should consider your differences and, if you can, agree upon a verdict. You will please return to the jury room and if you can reconcile your differences and agree upon a verdict I hope you will please do so. You will now retire to the jury room."

After the oral instructions were given and the jury was retired, appellant again moved for a mistrial, complaining, "the instructions were not in writing to the jury; . . . the Defendant was not allowed to accept [sic] before they were given their instructions; . . . that the instructions . . . put undue duress and pressure upon two jurors to change their votes." The motion was denied.

Article 36.27, V.A.C.C.P., provides as follows:

"When the jury wishes to communicate with the court, it shall notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

"All such proceedings in felony cases, shall be a part of the record and recorded by the court reporter."

The Legislature used the word "shall" in directing the court to answer any communication of the jury in writing. In *Waythe v.*

*State,* 533 S.W.2d 802, 804, this Court quoted with approval from *Brinkley v. State,* 167 Tex.Cr.R. 472, 320 S.W.2d 855, where it was stated:

"'Must' and 'shall' are synonymous and are usually mandatory when used in statutes."

■ This Court has held that oral instructions to the jury are not in compliance with Art. 36.27, supra, but has found that failure of the defendant to object results in waiver of the error. *Calicult v. State,* Tex. Cr.App., 503 S.W.2d 574; *Verret v. State,* Tex.Cr.App., 470 S.W.2d 883. In *Smith v. State,* 513 S.W.2d 823, this Court found that it was error for the trial court not to comply with the requirements of Art. 36.27, supra, but stated further:

"However, it is incumbent upon a defendant to bring the easily correctable error to the judge's attention by objection or formal bill of exception or the acts of the trial court are presumed consistent with the statute. *Smith v. State,* 474 S.W.2d 486 (Tex.Cr.App.1972); *Lipscomb v. State,* 467 S.W.2d 417 (Tex.Cr.App.1971); *Verret v. State,* 470 S.W.2d 883 (Tex.Cr. App.1971); *Rodriquez v. State,* 500 S.W.2d 517 (Tex.Cr.App.1973); *Hancock v. State,* 120 Tex.Cr.R. 162, 47 S.W.2d 299 (1932); *McClellan v. State,* 118 Tex.Cr.R. 473, 40 S.W.2d 87 (1931)."

■ The statutory requirement that additional instructions to the jury be made in writing and submitted to the defendant before the same is read to the jury affords the defendant and his counsel an opportunity to examine same and urge objections, if any, to such instructions. Art. 36.27, supra; see concurring opinion in *Calicult v. State, supra.*

■ In the instant case appellant timely objected that the court's action in giving oral instruction to the jury denied him the opportunity to prepare and file written exceptions to any instructions given to the jury.

■ We cannot agree with the State that it was necessary that appellant show harm [1] before the error results in reversal where, as in the instant case, the statutory requirement is mandatory and the appellant timely objected to the court's failure to follow the statute.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

ODOM, Judge, concurring.

I join the majority opinion, and take this opportunity to distinguish the four primary cases relied on in the dissent: *Brown v. State,* Tex.Cr.App., 505 S.W.2d 850; *Arrevalo v. State,* Tex.Cr.App., 489 S.W.2d 569; *Romero v. State,* Tex.Cr.App., 458 S.W.2d 464; and *Allaben v. State,* Tex.Cr.App., 418 S.W.2d 517, 520.

First, the statutory provision here applicable (Art. 36.27, V.A.C.C.P.), provides in part: "Any communication [from the jury to the court] *relative to the cause* must be written . . .," and, "The court *shall* answer any such communication in writing, . . ." (Emphasis added.) Timely objection was raised to the court's failure to follow this mandatory statute. As was pointed out and discussed in *Allaben v. State, supra,* the first case decided under Article 36.27 of the 1965 Code of Criminal Procedure, this new statutory provision changed the law from what it was under the 1925 Code of Criminal Procedure.

---

1. In light of our holding that it is unnecessary that a showing of harm be made where timely objection is made, we find it unnecessary to consider appellant's contention that he was harmed by the court's instructions in that they placed undue duress and pressure on the jury to reach a unanimous verdict. We do, however, call attention to *United States v. Duke,* 492 F.2d 693 (5th Cir. 1974) in light of the court's statement to the jury, "I think you can settle it and you ought to settle it and I want it

to be settled." In *Duke,* the jury was admonished by the court, " . . . a decision has to be reached by a jury. You are that jury." As in the instant case, the instructions in *Duke* concluded with statements which tended to ameliorate the earlier statements. In spite of this fact, the 5th Circuit found that the trial court gave "an erroneous version of the '*Allen*' [*Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896)] charge."

The cases of *Brown* and *Romero, supra,* are not in point because the communications from the court there admonished the jurors about overnight accommodations, not to discuss the case, or to avoid news accounts of the case. Such matters are not within the scope of Art. 36.27, supra, because they are not "communication relative to the cause." The communication here was relative to the cause and within the scope of the statute.

*Arrevalo* and *Allaben, supra,* are not in point because in those cases *no objection* was voiced to the failure to follow the statute and answer in writing. *Allaben v. State, supra,* the landmark case, specifically stated, "A careful compliance with Article 36.27, supra, would have *required* the answer in the case at bar to have been in writing." (Emphasis added.) Although there follows in that opinion some statements that appear to be based on the 1925 Code provisions, the applicability of the new provision's mandatory feature was expressly stated. In the case at bar, unlike *Arrevalo* and *Allaben,* timely objection was raised to the failure to follow that mandatory requirement of a written answer to the jury's communication. The need for objection pointed out in *Calicult v. State,* Tex.Cr. App., 503 S.W.2d 574, was here satisfied.

PHILLIPS, J., joins this opinion.

DOUGLAS, Judge, dissenting.

The majority erroneously holds that Article 36.27, V.A.C.C.P., mandates that all communications, of any kind whatsoever, between the court and jury, must be in writing. In fact, this Court has repeatedly held to the contrary and has limited application of Article 36.27 to those communications which constitute additional instructions to the jury. Requests that a jury make additional efforts to reach a verdict have never been considered as jury charges within the meaning of Article 36.27.

In *Arrevalo v. State,* 489 S.W.2d 569 (Tex.Cr.App.1973), the trial court orally requested a deadlocked jury to return to the jury room and continue its deliberations. We held that communications between the trial court and jury which are not in compliance with the statute, but which do not amount to additional instructions by the court, do not constitute reversible error.

The same rule has been applied in *Brown v. State,* 505 S.W.2d 850 (Tex.Cr.App.1974); *Romero v. State,* 458 S.W.2d 464 (Tex.Cr. App.1970); *Allaben v. State,* 418 S.W.2d 517 (Tex.Cr.App.1967). In each case, the jury was either referred to the court's original charge and directed to continue deliberation or admonished not to discuss the case or listen to media accounts of the trial. Inasmuch as none of these communications constituted new or additional instructions to the jury, it was uniformly held that such oral directions were not reversible error.

In the present case, no additional instructions were orally communicated by the trial court to the jury. The jury was directed to resume deliberations and reach a verdict if possible. No new instructions were given as to the law applicable to the offense or the application of such law to the facts. In directing that the jury attempt to reach a unanimous verdict, the trial court did nothing more than restate instructions which it had already reduced to writing.[1] Therefore, no reversible error is presented.

In his fourth ground of error, appellant complains of the trial court's "blockbuster" charge in that it placed undue duress and pressure upon the jurors to reach a unanimous verdict. The majority does not reach the issue of harm, holding instead that Article 36.27 is mandatory and not subject to the harmless error rule. In light of our decision in *Arrevalo,* Article 36.27, supra, is not mandatory with regard to oral state-

---

1. The charge, in pertinent part, states:

"After argument of counsel, you will retire and select one of your members as your foreman. It is the duty of your foreman to preside at your deliberations and to vote with you in arriving at a verdict. Your verdict must be unanimous, and after you have arrived at your verdict, you may use one of the forms attached hereto by having your foreman sign the particular form that conforms to your verdict."

ments which do not amount to additional instructions, and the harmless error rule applies. In this case, the oral instructions of the trial court were not coercive and no harm is shown.

The record shows that on June 26, 1975 at 1:38 p.m. appellant's case was submitted to the jury on the issue of punishment. At 2:52 p.m. the jury sent a note to the court saying, "We are hung." At 3:09 p.m. appellant moved for mistrial and at 3:15 p.m. appellant objected to the giving of any oral instructions. Immediately thereafter the trial court had the following oral exchange with the foreman of the jury:

"THE COURT: I have received a note from the foreman. Now, Mr. Foreman, there are some questions that I want to ask you and I want you to listen closely to the questions and answer the questions I ask and only those questions. I do not want you in your answers to say a designated number favors this, a designated number favors that. I'm not interested in that. I simply want to know what the break down is at this time. By break down, I mean whether there are a certain number, what the numbers are insofar as the difference is concerned. Now, do you understand exactly what I mean?

"THE JURY FOREMAN: I'm not right sure. You ask the question and then if I don't understand it then I will—

"THE COURT: Well, let's put it this way: I don't want you to say there are so many jurors who favor doing this, there are so many who favor doing that. You just tell me what the break down is numberwise.

"THE JURY FOREMAN: Numberwise like 4 to 3 or 2 to 1?

"THE COURT: Yes, sir.

"THE JURY FOREMAN: All right. I understand.

"THE COURT: All right. What is the break down numberwise, Mr. Foreman?

"THE JURY FOREMAN: 10 to 2.

"THE COURT: All right. Then, it's the opinion of the Court that with that break down, that we have not used

sufficient time in deliberation to return a verdict. Now, this case has to be settled by some twelve jurors. I regard all of you as honest and intelligent jurors. I do not know of any twelve jurors who can do better than you can. I think you can settle it and you ought to settle it and I want it to be settled. I have no desire to attempt to coerce you into a verdict. This is a matter for each of you to determine for himself or herself, but it is to the interest of society that you should consider your differences and, if you can, agree upon a verdict. You will please return to the jury room and if you can reconcile your differences and agree upon a verdict I hope you will please do so. You will now retire to the jury room."

The oral instructions of the trial court cannot be viewed in a vacuum. The record reflects that the jury had only deliberated for one hour and fourteen minutes, and had ten members in agreement, when it announced to the court that it was deadlocked. In this context, it was entirely reasonable for the trial court to believe that the jury was capable of reaching a unanimous verdict, and it was proper for the court to urge the jury to do so. The trial court's request that the jury resume its deliberations and, if possible, reach a verdict was neither improper nor coercive.

The majority opinion infers that the statements made by the trial court were erroneous in light of *United States v. Duke*, 492 F.2d 693 (5th Cir. 1974). Holdings of the Fifth Circuit, however, are not binding upon this Court. While we have never reviewed language identical to that used by the trial court in the present case, we have examined similar charges and found them not to be coercive of a verdict. *Stanton v. State*, 535 S.W.2d 182 (Tex.Cr.App.1976); *Arrevalo v. State, supra; Potter v. State*, 481 S.W.2d 101 (Tex.Cr.App.1972); *Gamblin v. State*, 476 S.W.2d 18 (Tex.Cr.App.1972). The oral directions which were given in the present case are distinguishable from the kind of charge which was found to be erroneous in *Smith v. State*, 155 Tex.Cr.R. 190,

233 S.W.2d 138 (1950), wherein the court told a deadlocked jury: "I am not ready to discharge you at this time. The facts are too clear in this case for there to be any hung jury in this case. It costs too much to try these cases over." 233 S.W.2d 138 at 139.

The statements of the trial court in this case were in no respect coercive, but only reflective of the court's reasonable belief that the jury could agree with further deliberation. No harm having been shown to appellant, the conviction should be affirmed.