HOLLAND V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-359-CR

DAVID LLOYD HOLLAND APPELLANT

A/K/A BUTCH HOLLAND

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant David Lloyd “Butch” Holland appeals from his conviction of unlawful possession of a firearm by a felon.  He was sentenced to twelve years’ confinement.  We affirm.

Factual and Procedural History

Deputy Andrew Tatsch was driving northbound through the 2900 block of Mims Street in Fort Worth, Texas, when he noticed Appellant standing in the driveway of a house next to a white Suburban.  Appellant was talking to a woman (who was later identified as Serena Holland) in the driver’s seat of the Suburban.  Deputy Tatsch had a valid arrest warrant for Appellant. 

When Deputy Tatsch recognized Appellant, he pulled up to the house.  Deputy Tatsch testified: “When I recognized that it was the Defendant, I pulled up and got out-- well, actually before I got out, I saw the under -- the jacket in his hand that he put on the hood of the Suburban.”  As Deputy Tatsch got out of his car, he noticed Appellant had placed his billfold on top of the jacket.  Deputy Tatsch asked Appellant what his name was, and Appellant replied “Butch,” which was a nickname.  Deputy Tatsch then asked Appellant for his ID, which Appellant took from the billfold that was on top of the jacket.  The ID confirmed that “Butch” was David Lloyd Holland.  

Deputy Tatsch took Appellant into custody and went over to the Suburban to collect Appellant’s personal effects.  When Deputy Tatsch picked up the leather jacket, he noticed it was “kind of heavy.”  He checked the pockets of the jacket and found a single shot pistol.  At trial, Deputy Tatsch testified that he never saw Appellant actually wear the jacket and did not know whether the jacket fit Appellant.  However, Deputy Tatsch testified he thought it was a man’s jacket. 

A jury convicted Appellant of unlawful possession of a firearm by a felon.  Appellant raises three issues on appeal.  First, the court erred by submitting a particular section of Deputy Tatsch’s testimony to the jury during their deliberations.  Second, the court erred in ruling a written statement offered by the defense inadmissible.  Third, the court erred in conversing with the jury orally and off the record outside of the presence of counsel.

Appellant’s First Issue 

First, Appellant claims the trial court’s response to a jury request to have a portion of Deputy Tatsch’s testimony read to them during deliberations was reversible error.

While in deliberations, the jury sent the court a note that read as follows: “Did Sheriff Tatsch testify that he saw the Defendant put the jacket on the hood of the vehicle?”  The court replied that in order to have testimony reread to them, the jury must certify that they are in dispute about certain testimony and inquire only about those portions of testimony that are in dispute.  The jury then responded by sending the court the following note:

The jury requests the testimony of Deputy Sheriff Tatsch pertaining to:  Did the deputy 
testify
 that he saw the Defendant put the jacket on the hood of the Suburban?  The jury is in dispute as to whether the deputy testified to this point or whether the deputy DA told us in opening arguments that the deputy was 
expected
 to testify to this point but then did not.  The jury believes that this point is imperative to determine possession, intent and knowingly.  Several members recall the deputy actually testifying and several members dispute this. 

In response to this note, the court sent the jury the following testimony, labeled “Direct Examination of Deputy Tatsch by Mr. Estrada:”

QUESTION: And did you notice that the Defendant had anything in his possession at the time you drove by or stopped your vehicle at the Defendant?

ANSWER: Yes.  When I recognized it was the Defendant I pulled  out -- pulled up -- excuse me -- and got out -- well, actually, before I got out, I saw the jacket in his hand that he put on the hood of the Suburban.

Appellant objected to the trial court’s response and argued that the testimony of Deputy Tatsch was ambiguous at best, and thus not a proper response to the request the jury made.  Appellant asked that the jury be instructed that the court could find no testimony that unequivocally stated Deputy Tatsch saw the Appellant put the jacket on the hood of the Suburban.  The court denied this request.

We note at the outset that Appellant is not complaining about the method of request or response.  He only complains of the substance of the court’s response.  Specifically, Appellant claims that the response was deficient in two ways.  First, it was capable of more than one interpretation and thus improper; and second, the response itself was a comment on the weight of the evidence.   In order to reverse the decision, a clear abuse of discretion and harm to the Appellant must be shown.  
See Brown v. State
, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994).  
Article 36.28 of the code of criminal procedure provides that if the jury disagrees as to the statement of any witness, they may request that the testimony in dispute be read to them from the record.  
Tex. Code Crim. Proc. Ann.
 art. 36.28 (Vernon 1981).  The court, upon receiving a request for testimony from a jury, must use its discretion to determine what sections of the testimony best answer the inquiry and limit the testimony accordingly.  
Id.
; 
see also Jones v. State, 
706 S.W.2d 664, 667 (Tex. Crim. App. 1986)
; 
Iness v. State
, 606 S.W.2d 306, 314 (Tex. Crim. App. 1980).  In this case, the court received a note from the jury indicating that they were in dispute as to whether Deputy Tatsch ever testified that he saw Appellant place the leather jacket on the hood of the Suburban.  Reviewing the record, there is only one section of testimony that relates to the jury’s inquiry, and that is the section that was sent.  The trial court, in ruling on Appellant’s objection to the submitted testimony, noted that the issue of ambiguity was a fact issue.  

Appellant’s two complaints are interrelated.  He argues that the submitted testimony is a comment on the weight of the evidence because it is ambiguous and open to more than one interpretation.  A trial court improperly comments on the weight of the evidence if it makes a statement that implies approval of the State’s position, indicates any disbelief in the defendant’s position, or diminishes the credibility of the defense’s approach.  
Railsback v. State
, 95 S.W.3d 473, 485 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).

Appellant’s argument is based solely on the supposition that the testimony is ambiguous.  Appellant suggests that by submitting testimony to the jury that was ambiguous, the court was impliedly telling the jury what weight or meaning to give the testimony.  This argument is unpersuasive.  Appellant has failed to show that the court impliedly favored one interpretation of the testimony over the other.  It is the responsibility of the trier of fact to resolve conflicts in the testimony.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  

We hold that the trial court did not abuse its discretion by submitting the relevant portion of Deputy Tatsch’s testimony to the jury.  We overrule Appellant’s first issue.

Appellant’s Second Issue

In his second issue, Appellant complains that the trial court erred in ruling that a particular piece of evidence was inadmissible.  At trial, Appellant called Diana Farris Holland to testify.  Diana Holland was Appellant’s girlfriend at the time (she has since married Appellant).  She testified that the gun found in the jacket was hers.  She also testified that she obtained the gun from a man named Michael Striecher for her personal protection.  She testified that although she usually keeps the pistol in a desk drawer, on the day Appellant was arrested, she placed the gun into her leather jacket pocket, put the jacket on, and worked in the backyard for a while.  After she finished working, she took off the jacket and left it (with the gun still in the pocket) on top of a desk outside by the back door.  At this point in her testimony, defense counsel attempted to introduce a written statement from Michael Striecher.  The pertinent section of the statement read:

On ABOUT JANUARY 17, 2004, I GAVE DIANA FARRIS a handgun that my family had owned for years.  The gun was a .45/.410.  

I gave the gun to Diana for her protection.  

Another reason I gave the gun to Diana was that none of my family reside in the area and I can not legally possess a gun at this time.  

Diana has informed me that my gun was seized by the police on January 22, 2004. 

The document was signed and sworn before a notary public in the office of defense counsel on February 10, 2004.  When it was offered, the State objected to the document as hearsay.  In response, defense counsel offered the document as a statement against penal interest as an exception to the hearsay rule.  After a brief hearing, the court sustained the State’s hearsay objection and the document was ruled inadmissible.  Appellant argues that this ruling was error and requires reversal.

Questions of admissibility of evidence under the hearsay rule are reviewed under the abuse of discretion standard.  
Coffin v. State
, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994); 
Cunningham v. State
, 877 S.W.2d 310, 313 (Tex. Crim. App. 1994).  The trial court’s decision will not be reversed so long as it is within the zone of “reasonable disagreement.”  
Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997); 
Couchman v. State
, 3 S.W.3d 155, 158 (Tex. App.—Fort Worth, 1999, pet. dism’d).

The “statement against interest” exception is laid out in Rule 803(24) of the Texas Rules of Evidence:

A statement which was at the time of its making so far contrary to the declarant’s pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, or to make the declarant an object of hatred, ridicule, or disgrace, that a reasonable person in declarant’s position would not have made the statement unless believing it to be true.  In criminal cases, a statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Tex. R. Evid.
 803(24).  To fall under this exception to the hearsay rule, a statement must satisfy two elements: it must tend to expose the declarant to criminal liability, and there must be corroborating circumstances that clearly indicate the statement’s trustworthiness.  
Bingham v. State
, 987 S.W.2d 54, 57 (Tex. Crim. App. 1999).

To satisfy the exception, the statement must first tend to expose the declarant to criminal liability.  Whether a statement is in fact against a declarant’s interest must be determined from the circumstances of each case.  
Ramirez v. State
, 987 S.W.2d 938, 944 (Tex. App.—Austin 1999, no pet.).  In the statement at issue, Michael Striecher states that one of the reasons he gave the gun to Diana was that he could not legally own a gun at the time.  There is nothing in the record to suggest that Mr. Striecher actually subjected himself to any criminal liability by making the statement.   Defense counsel offered an explanation of Mr. Striecher’s cryptic conclusion at one point in the trial: 

Just according to Mr. Striecher, and I think this could be easily verified, he was – he was convicted of retaliation in ‘98 and told me he was released on October 27th of ‘03 from the penitentiary, which meant that he could, assuming those were the facts, and I – I haven’t verified them, but I am sure we have computers that that could either be verified to be true or not true.  

No effort was made by defense counsel to verify Mr. Striecher’s claim.  The purpose of the “statement against interest” hearsay exception is the common sense notion that reasonable persons, even if they are not particularly honest, tend not to make statements that subject themselves to criminal liability unless they believe the statement to be true.  
Cofield v. State
, 891 S.W.2d 952, 956 (Tex. Crim. App. 1994).   

In our case, there simply is no indication that the statement actually exposed Mr. Striecher to criminal liability or that he believed he would subject himself to criminal liability.  In ruling on the admissibility of the statement, the trial court noted:

The issue is whether, as the rule provides, the statement which at the time of his making it was so far contrary to the declarant’s interest or so far tended to subject him to civil or criminal liability or to make him an object of hatred, ridicule, or disgrace, that a reasonable person in the declarant’s position, which means full disclosure information, what he’s thinking and knows, wouldn’t make a statement of such nature unless believing it to be true.  

So it doesn’t matter what reality could be including that a person might have been under an unknown federal indictment not being allowed to possess a firearm, to give it away or otherwise, but was in the dark about such circumstances.  The issue is what was the person in their position, which implied in the cases, indicate they knew what they knew and had that information they would not have made a statement knowing how much trouble it could cause for them unless it was true and important enough to take that risk . . . and that’s why the Court, among other reasons, feels it does not meet the test of 803.24.

Given the facts of the case at hand and the trial court’s analysis, there was no abuse of discretion.  Appellant has failed to establish the first prong of the Rule 803(24) test.  We overrule his second issue.

Appellant’s Third Issue

In his third issue, Appellant argues that the trial court erred by communicating with the jury orally and off the record during deliberations outside the presence of counsel.

 On the second day of jury deliberations, the trial judge dismissed the jury for lunch and told them to turn in their paperwork.  Counsel were not present.    At this point, one of the jurors asked, “Did you hear about Jesse’s car?”  The car of one of the jurors had been broken into the night before while in the courthouse parking lot.  When this was brought to the attention of the judge, he asked the jurors, “Does that have anything to do with what y’all are doing?” After receiving an answer in the negative from all the jurors, the judge asked, “Is what happened to Jesse’s car in any way going to interfere with the objectivity of your deliberations?”  Again the jurors answered in the negative.  The jury then went to lunch.  Seventeen minutes after coming back from lunch, the jury returned a verdict. 

After both sides indicated they were ready to receive the verdict but before the verdict was read, the court informed counsel on the record about the incident with the jury.  At that time, the court asked if either side had any requests or inquiries to be made concerning the incident.  Both sides responded in the negative.  The jury was then brought into the courtroom and the verdict was read. 

Appellant argues that the judge’s conversation with the jury was reversible error by failing to comply with  Article 36.27 of the code of criminal procedure, which states:

When the jury wishes to communicate with the court, it shall notify the sheriff, who shall inform the court thereof.  Any communication 
relative to the cause
 must be written, prepared by the foreman, and shall be submitted to the court through the bailiff.  The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper.  The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.  

All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.

Tex. Code Crim. Proc. Ann.
 art. 36.27 (Vernon 1981) (emphasis added). 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied,
 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 
 

In 
Archie v. State
, a trial judge, after reading the charge to the jury, orally told the jury that if they wanted any exhibits during deliberations, they were to ask the bailiff and not write the judge a letter.  
615 S.W.2d 762, 765 (Tex. Crim. App. 1981).  The court of criminal appeals noted that while the judge’s comment violated Article
 36.27, the appellant did not object and thus waived any complaint.
  See also Smith v. State
, 513 S.W.2d 823, 830 (Tex. Crim. App. 1974); 
Calicult v. State
, 503 S.W.2d 574, 576 (Tex. Crim. App. 1974); 
Verret v. State
, 470 S.W.2d 883, 887 (Tex. Crim. App. 1971).

In order to be considered “timely” for the purposes of Texas Rule of Appellate Procedure
 33.1(a)(1), an objection must be made as soon as the grounds for the objection become apparent.  
Thompson v. State
, 691 S.W.2d 627, 635 (Tex. Crim. App. 1984), 
cert. denied
, 474 U.S. 865 (1985).  In the case at hand, the grounds for objection became apparent when the trial court related to counsel the ex parte communications with the jurors. The judge went one step further and asked counsel for both sides whether there were any further issues, inquiries, or requests concerning the matter to be made before the jury was brought in to read the verdict.  Defense counsel failed to object at that time.
(footnote: 2)
 Assuming for the sake of argument that Appellant properly preserved his complaint, we must consider whether the trial court erred.
  The trial court has no discretion with regard to complying with Article 36.27; the requirements of the statute are mandatory.  
Edwards v. State
, 558 S.W.2d 452, 454 (Tex. Crim. App. 1977).   

However, not all communications between the judge and jury fall under Article 36.27.  Communications that are not instructions to the jury or “relative to the cause” do not implicate Article 36.27.  
See Arrevalo v. State
, 489 S.W.2d 569, 572 (Tex. Crim. App. 1973) (holding communications that do not amount to additional instructions to the jury do not implicate Article 36.27).

In this case, the out-of-court colloquy between the judge and jury did not constitute additional instructions to the jury and was not “relative to the cause.”  Indeed, it appears that the judge’s questions to the jury were merely calculated to determine whether the jury’s concern about the break-in was “relative to the cause.”  The jury answered that it was not.

Because the communication between the judge and the jury did not constitute additional instructions to the jury and was not “relative to the cause,” Article 36.27 is not implicated and the colloquy was not error.  We overrule Appellant’s third issue.

Conclusion

Having overruled Appellant’s three issues, we affirm the trial court’s judgment.  
See
 
Tex. R. App. P.
 43.2(a). 

ANNE GARDNER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2: The Austin court of appeals has held that when the appellant does not object to oral jury instructions, appellant can still obtain a reversal if he/she can show “egregious harm” under 
Almanza v. State
, 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh’g).  
See Brooks v. State
, 967 S.W.2d 946, 950 (Tex. App. — Austin 1998, no pet.); 
see also Jones v. State,
 No. 03-03-00067-CR, 2003 WL 22908124 at *8 (Tex. App. – Austin, Dec. 11, 2003, pet. ref’d) (mem. op.) (not designated for publication).  However, the court of criminal appeals has expressly held that 
Almanza
 does not apply to oral instructions or comments to the jury that do not appear in the jury charge.  
Fuentes v. State
, 991 S.W.2d 267, 276 (Tex. Crim. App. 1999).  Because we hold there was no error, we do not address this issue.