COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-08-306-CR

 

 

JACK DARL HARTMAN                                                                      APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                 FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

Appellant
Jack Darl Hartman appeals his conviction for felony driving while intoxicated
(DWI).  See Tex. Penal Code Ann. ' 49.04
(Vernon 2003).  Hartman contends that the
trial court erred by not declaring a mistrial when the jury remained deadlocked
following the submission of an AAllen
charge.@[2]  We will affirm.








II. 
Factual and Procedural Background

A
grand jury indicted Hartman for felony DWI. 
Hartman pleaded not guilty and waived arraignment.  At the close of the first jury trial, the
jury became deadlocked, and the trial court declared a mistrial.








At
the close of the second trial=s
evidence and arguments, the trial court submitted the jury charge without
objection.  At 4:04 p.m., the jury
notified the court that it was Adeadlocked
at [eight] guilty and [four] not guilty.@  The trial court then issued a modified Allen
charge.[3]  At 5:14 p.m., the jury sent an additional
note that they remained deadlocked Aat
[eleven] guilty and [one] no[t] guilty@ and
were Aunable
to reach unanimous decision without violence of conscience.@  At 5:24 p.m., the trial court responded and
instructed the jury, AKeep deliberating.@  Sixteen minutes later, the jury returned a
verdict of guilty. Hartman pleaded true to the State=s
enhancement paragraph.  The jury assessed
Hartman=s punishment
at fourteen years= confinement.  Hartman timely filed his notice of appeal.

III. Discussion

Hartman
contends that the trial court=s
instruction to the jury to Akeep
deliberating@
caused the jury to reach a coerced verdict. 
The State responds that Hartman failed to preserve this issue for
appellate review because he did not make a timely objection to the trial court=s
instruction.

A.      Standard of Review

An
objection must be made as soon as the basis for the objection becomes
apparent.  Tex. R. Evid. 103(a)(1);
Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied,
522 U.S. 917 (1997); Polk v. State, 729 S.W.2d 749, 753 (Tex. Crim. App.
1987).  To preserve a complaint for our
review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or
motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070; Ball v. State, No. 2-06-00268-CR, 2007 WL
2744883, at *2 (Tex. App.CFort Worth Sept. 17, 2007,
pet. ref=d).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s
refusal to rule.  Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).








B.
Analysis

Hartman
complains that the trial court=s
answer to the jury to Akeep deliberating,@ in
response to the jury foreman=s
note that the jury remained deadlocked after receiving an Allen charge,
caused the jury to reach a coerced verdict. 
However, there is no evidence in the record that Hartman objected to the
trial court=s
written response to the jury or that the trial court failed to notify Hartman
of the jury communication.

Article
36.27 of the Texas Code of Criminal Procedure governs jury communications with
the trial court and provides: 

When the jury wishes to communicate with the
court, it shall so notify the sheriff, who shall inform the court thereof.  Any communication relative to the cause must
be written, prepared by the foreman and shall be submitted to the court through
the bailiff.  The court shall answer any
such communication in writing, and before giving such answer to the jury shall use
reasonable diligence to secure the presence of the defendant and his counsel,
and shall first submit the question and also submit his answer to the same to
the defendant or his counsel or objections and exceptions, in the same manner
as any other written instructions are submitted to such counsel, before the
court gives such answer to the jury, but if he is unable to secure the presence
of the defendant and his counsel, then he shall proceed to answer the same as
he deems proper.  The written instruction
or answer to the communication shall be read in open court unless expressly
waived by the defendant.

 

All such proceedings in felony cases shall be
a part of the record and recorded by the court reporter.

 








Tex. Code Crim. Proc. Ann.
art. 36.27 (Vernon 2006).  The purpose of
this law is to notify a defendant of a jury question and of the court=s
proposed answer, if possible, and to give the defendant an opportunity to be heard
and Aurge
objections, if any, to such [answers].@  Word v. State, 206 S.W.3d 646, 650
(Tex. Crim. App. 2006) (quoting Edwards v. State, 558 S.W.2d 452, 454
(Tex. Crim. App. 1977)).

A
silent record creates the presumption that a trial court complied with article
36.27.  Green v. State, 912 S.W.2d
189, 192 (Tex. Crim. App. 1995).  In Word,
the court of criminal appeals affirmed Green by holding:

Nothing
in Article 36.27 (including its second paragraph) expressly indicates a
legislative intent that appellate courts should disregard usual rules of
procedural default and rules of appellate procedure and presume that a
defendant had no opportunity to object to a trial court=s answers to jury
questions when the record is silent.

 

Word,
206 S.W.3d at 652.

In Green,
a capital murder case, the appellant never objected to the judge=s
responses to numerous notes sent by the jury. 
Green, 912 S.W.2d at 191B92.  The court of criminal appeals stated, ASince
we presume the trial court=s
response was in open court and in appellant=s
presence, we also presume appellant agreed to it.@  Id. at 193.  The court therefore held, based on the
presumption that the appellant agreed, that the appellant waived any error by
not objecting to the judge=s
responses to the jury.  Id.








Similar
to Green and Word, this court assumes that the trial court=s
response to the jury question was in open court, in Hartman=s
presence, and that Hartman agreed to it. 
See Green, 912 S.W.2d at 193; Word, 206 S.W.3d at 651B52.  Because he did not object at trial, Hartman
failed to preserve his complaint for appellate review.  See Green, 912 S.W.2d at 192; Word,
206 S.W.3d at 652.  We overrule Hartman=s
sole issue.

IV. 
Conclusion

By
failing to timely object to the trial court=s
written response to the jury to Akeep
deliberating,@
Hartman failed to preserve his claim that the response was unduly
coercive.  We affirm the trial court=s
judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 12, 2010











[1]See Tex. R. App. P.
47.4.





[2]Allen v. United
States,
164 U.S. 492, 501B02, 17 S. Ct. 154,
156 (1896).





[3]The modified Allen
charge read: 

If
this jury finds itself unable to arrive at a unanimous verdict, it will be
necessary for the Court to declare a mistrial and discharge the jury.

This
indictment will still be pending, and it is reasonable to assume that this case
will be tried again before another jury at some future time.  Any such future jury will be empaneled and
will likely hear the same evidence which has been presented to this jury.  The questions to be determined by that jury
will be the same questions confronting you and there is no reason to hope the
next jury will find these questions any easier to decide than you have found
them.

With this
additional instruction, you are instructed to continue deliberations in an
effort to arrive at a verdict that is acceptable to all members of the jury, if
you can do so without doing violence to your conscience.