

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-08-306-CR**

JACK DARL HARTMAN                                               APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Jack Darl Hartman appeals his conviction for felony driving while intoxicated (DWI). *See* Tex. Penal Code Ann. § 49.04 (Vernon 2003). Hartman contends that the trial court erred by not declaring a mistrial when the jury remained deadlocked following the submission of an "*Allen* charge."[2] We will affirm.

------------

[1]... *See* Tex. R. App. P. 47.4.

[2]... *Allen v. United States*, 164 U.S. 492, 501–02, 17 S. Ct. 154, 156 (1896).

## II.  Factual and Procedural Background

A grand jury indicted Hartman for felony DWI.  Hartman pleaded not guilty and waived arraignment.  At the close of the first jury trial, the jury became deadlocked, and the trial court declared a mistrial.

At the close of the second trial's evidence and arguments, the trial court submitted the jury charge without objection.  At 4:04 p.m., the jury notified the court that it was "deadlocked at [eight] guilty and [four] not guilty."  The trial court then issued a modified *Allen* charge.[3]  At 5:14 p.m., the jury sent an additional note that they remained deadlocked "at [eleven] guilty and [one] no[t] guilty" and were "unable to reach unanimous decision without violence of conscience."  At 5:24 p.m., the trial court responded and instructed the jury, "Keep deliberating."  Sixteen minutes later, the jury returned a verdict of guilty. Hartman pleaded true to the State's

---

[3]... The modified *Allen* charge read:

> If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury.
>
> This indictment will still be pending, and it is reasonable to assume that this case will be tried again before another jury at some future time.  Any such future jury will be empaneled and will likely hear the same evidence which has been presented to this jury.  The questions to be determined by that jury will be the same questions confronting you and there is no reason to hope the next jury will find these questions any easier to decide than you have found them.
>
> With this additional instruction, you are instructed to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience.

enhancement paragraph. The jury assessed Hartman's punishment at fourteen years' confinement. Hartman timely filed his notice of appeal.

## III. Discussion

Hartman contends that the trial court's instruction to the jury to "keep deliberating" caused the jury to reach a coerced verdict. The State responds that Hartman failed to preserve this issue for appellate review because he did not make a timely objection to the trial court's instruction.

### A.    Standard of Review

An objection must be made as soon as the basis for the objection becomes apparent. Tex. R. Evid. 103(a)(1); *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App.), *cert. denied*, 522 U.S. 917 (1997); *Polk v. State*, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987). To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070; *Ball v. State*, No. 2-06-00268-CR, 2007 WL 2744883, at *2 (Tex. App.—Fort Worth Sept. 17, 2007, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

3

**B. Analysis**

Hartman complains that the trial court's answer to the jury to "keep deliberating," in response to the jury foreman's note that the jury remained deadlocked after receiving an *Allen* charge, caused the jury to reach a coerced verdict. However, there is no evidence in the record that Hartman objected to the trial court's written response to the jury or that the trial court failed to notify Hartman of the jury communication.

Article 36.27 of the Texas Code of Criminal Procedure governs jury communications with the trial court and provides:

> When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.
>
> All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.

Tex. Code Crim. Proc. Ann. art. 36.27 (Vernon 2006). The purpose of this law is to notify a defendant of a jury question and of the court's proposed answer, if possible,

and to give the defendant an opportunity to be heard and "urge objections, if any, to such [answers]." *Word v. State*, 206 S.W.3d 646, 650 (Tex. Crim. App. 2006) (quoting *Edwards v. State*, 558 S.W.2d 452, 454 (Tex. Crim. App. 1977)).

A silent record creates the presumption that a trial court complied with article 36.27. *Green v. State*, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995). In *Word*, the court of criminal appeals affirmed *Green* by holding:

> Nothing in Article 36.27 (including its second paragraph) expressly indicates a legislative intent that appellate courts should disregard usual rules of procedural default and rules of appellate procedure and presume that a defendant had no opportunity to object to a trial court's answers to jury questions when the record is silent.

*Word*, 206 S.W.3d at 652.

In *Green*, a capital murder case, the appellant never objected to the judge's responses to numerous notes sent by the jury. *Green*, 912 S.W.2d at 191–92. The court of criminal appeals stated, "Since we presume the trial court's response was in open court and in appellant's presence, we also presume appellant agreed to it." *Id*. at 193. The court therefore held, based on the presumption that the appellant agreed, that the appellant waived any error by not objecting to the judge's responses to the jury. *Id.*

Similar to *Green* and *Word*, this court assumes that the trial court's response to the jury question was in open court, in Hartman's presence, and that Hartman agreed to it. *See Green*, 912 S.W.2d at 193; *Word*, 206 S.W.3d at 651–52. Because he did not object at trial, Hartman failed to preserve his complaint for

5

appellate review.  *See Green*, 912 S.W.2d at 192; *Word*, 206 S.W.3d at 652.  We overrule Hartman's sole issue.

## IV. Conclusion

By failing to timely object to the trial court's written response to the jury to "keep deliberating," Hartman failed to preserve his claim that the response was unduly coercive.  We affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 12, 2010